**FIRST NATIONAL BANK IN LITTLE ROCK, guardian of the Estate of Eli Esau, an incompetent, and Marilyn Esau, Individually and as guardian of the person of Eli Esau, an incompetent, Plaintiffs,**

v.

**JOHNSON & JOHNSON, d/b/a Chicopee Manufacturing Co., a division of Johnson & Johnson, Defendant,**

**Northwestern National Insurance Company, Intervenor.**

**No. LR–C–78–202.**

United States District Court, E. D. Arkansas, W. D.

Aug. 8, 1978.

Gary L. Eubanks, Haskins, Eubanks & Wilson, Little Rock, Ark., for plaintiffs.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

Dan F. Bufford, Laser, Sharp, Haley, Young & Huckabay, Little Rock, Ark., for intervenor.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before this Court is an unusual removal case in which defendant-remover desires a "dismissal" of its removal petition while plaintiffs argue that the case should remain in this Court.

■ Plaintiffs, both citizens of Arkansas, as guardians of the estate of an incompetent, brought a personal injury action against a New Jersey corporation and against a citizen of Arkansas in Pulaski County Circuit Court. Shortly before the case was submitted to the jury, on June 19, 1978, plaintiffs, on the record, made an oral motion to dismiss the Arkansas resident defendant. The trial judge announced that the motion was granted because the court had no discretion to deny plaintiffs' motion for a voluntary non-suit. At this point, the remaining defendant announced to the judge and the plaintiffs that he was giving notice of his intention immediately to remove the case to federal court, the requisite diversity of citizenship jurisdiction having just been created. See 28 U.S.C. § 1446(b) ¶ 2.[1] An attorney for defendant was thereupon dispatched to prepare and file the necessary removal petition.

Plaintiffs immediately made another oral motion to withdraw the non-suit just granted, and after some protest by defendant, the trial judge did grant this motion and vacated his order approving the voluntary non-suit. This action was taken before any removal papers had been filed in either state or federal court. Later that same day defendant carried through with its original

---

1. Although the statute provides that the time period during which removal must be effected begins to run after receipt by defendant "of a copy of an amended pleading, motion, order, or *other paper* from which it may be first ascertained that the case is one which is or has become removable," (emphasis added) the plain purpose of the rule is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present. *See Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957). Therefore, the oral motion of plaintiffs and the trial court's oral order granting the motion, on the record, certainly must be that sufficient notice with which the statute is concerned. *See also Waldron v. Skelly Oil Co.*, 101 F.Supp. 425 (E.D.Mo.1951).

announced intention of removing the case to federal court by filing an appropriate removal petition and bond with this Court, copies that date also being filed with the state court and served on plaintiffs. Proceedings in the state court continued apace, however, the jury returning a verdict in favor of defendant after the removal papers had been filed. Defendant then sought to have its own removal petition "dismissed," which this Court did, by order obtained, on June 22, 1978. This dismissal was later set aside and an evidentiary hearing held on June 30, 1978.

Although this case represents unusual procedural twists and demonstrates the potential havoc that removal jurisdiction may wreak on state court proceedings where plaintiff opens the federal door at a late stage, the resolution of the case is not difficult.

■ As an initial matter, it is clear that defendant at least filed an effective removal petition, complying with the requirements that the petition sufficiently demonstrate the grounds for federal jurisdiction, that proper bond be effected, and that proper notice and state-court filing be effected. The filing of the removal petition in state court having "effected the removal," the federal jurisdiction attached as of the time that the original removal petition was filed in federal court. 1A Moore's Federal Practice ¶ 0.168[3.—8] at 510. It is elementary that this federal jurisdiction attached regardless of the actual merits of the petition for removal. *Id.* at 511, n.27.

■ Defendant believed that removal jurisdiction was present because of its position that the trial judge had no authority under state law to reinstate the resident defendant as a party once that defendant had been voluntarily dismissed by plaintiffs. But that is not the proper question. The question is: did the state court reinstate the local defendant before the removal papers were filed? If it did so purport to act, diversity was destroyed whether that court had lawful power under state law to reinstate or not. (If it did not, the local defendant could upset any judgment against him

by appeal to the Arkansas Supreme Court.) On the basis of the state court record, which is considered the sole source from which to ascertain whether a case originally not removable has since become removable (*see* 1A Moore's Federal Practice ¶ 0.168[3.—5] at 488–89) at the time the removal petition was filed in federal court, the state court action *in fact* did not involve properly diverse parties and hence was not properly removable. This conclusion is clear and is without regard to collateral issues such as (1) the failure of the other defendant to join in the removal petition, and (2) the matter of one or both parties' waiver of, or estoppel to assert, federal removal jurisdiction.

■ The Court must remand the case to state court, a "dismissal" of the removal petition not being the correct description for the only action available. The Court cannot here be concerned with the effect that the attachment of federal jurisdiction had on the subsequent state court proceedings and jury verdict. *See* 1A Moore's Federal Practice ¶ 0.168[3.—8] at 511–16. The state court will have to grapple with this problem.

It is therefore Ordered that this case be, and it is hereby, remanded to the Pulaski County Circuit Court.