**Gustave KAPLAN, Individually and as Curator for the Interdict, Linda Kaplan, Plaintiff–Petitioner,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, et al., Defendants–Respondents.**

No. 80–3785.

United States Court of Appeals, Fifth Circuit.

Unit A

Sept. 26, 1980.

David W. Robertson, Chris J. Roy, Alexandria, La., for plaintiff–petitioner.

LeDoux R. Provosty, Alexandria, La., for defendants–respondents.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Treating the movant's petition for mandamus and extraordinary relief as an application to this court for appeal pursuant to the district court's express permission under 28 U.S.C. § 1292(b), the appeal is GRANTED. With regard to the merits of the appeal: At the time that the defendants' petition for removal was filed in federal district court (12:00 noon, September 23, 1980), a Louisiana resident had been reinstated (at 11:31 a. m.) as a defendant in the state court action, on motion of the plaintiff granted by the state court trial judge. Although the defendants attack the procedural propriety under state law of the reinstatement, that issue is a matter to be decided by the state courts. As was stated in virtually identical circumstances in *First National Bank in Little Rock v. Johnson & Johnson*, 455 F.Supp. 361, 363 (E.D.Ark. 1978):

> Defendant believed that removal jurisdiction was present because of its position that the trial judge had no authority under state law to reinstate the resident defendant as a party once that defendant had been voluntarily dismissed by plaintiffs. But that is not the proper question. The question is: did the state court reinstate the local defendant before the removal papers were filed? If it did so purport to act, diversity was destroyed whether that court had lawful power under state law to reinstate or not. . . .
> On the basis of the state court record . . . at the time the removal petition was filed in federal court, the state court action *in fact* did not involve properly diverse parties and hence was not properly removable.

Accordingly, the order of the district court is REVERSED, and it is therefore ordered that this case be, and it is hereby, remanded to the Ninth Judicial District Court in and for Rapides Parish, State of Louisiana.