### Robert BARNGROVER, Plaintiff,

v.

### M. V. TUNISIAN REEFER; Norton, Lilly & Company, a corporation; and Does I to XX, Inclusive, Defendants.

### No. CV 82–556 AWT.

United States District Court,
C. D. California.

April 6, 1982.

Darold G. McCrary, Ventura, Cal., for plaintiff.

Vernon T. Meador, III, Robert E. Coppola, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for defendants.

### MEMORANDUM OPINION AND ORDER OF REMAND

TASHIMA, District Judge.

This is a longshoreman's maritime negligence action to recover damages for personal injuries sustained while engaged in loading cargo aboard a ship docked on navigable waters of the United States at Port Hueneme, California. The action was commenced in the Superior Court of the State of California for the County of Ventura (the "Ventura Superior Court"). On February 5, 1982, the case was removed to federal court; it is the timeliness of the petition for removal which is now before the Court.

The complaint, filed on February 18, 1981, names as defendants M. V. Tunisian Reefer (the vessel involved), Norton, Lilly & Company and Does I through XX, Inclusive. Norton, Lilly is alleged to be a California corporation; no allegations are made with respect to the citizenship of the Doe defendants. The boilerplate Doe allegations assert that the true names and capacities of the Doe defendants "are not known to plain-

tiff," and "that each of the defendants named herein as a Doe is legally responsible for the events and happenings herein described and for the damages proximately caused thereby." The charging allegations are directed against "defendants, and each of them."

It is helpful to summarize briefly the sequence of proceedings leading up to the filing of the removal petition. Service of summons and complaint was apparently effected on Beaufort Navigation Co., Inc., served as Doe I, because plaintiff was unaware of the identity of the owner of the Tunisian Reefer. Petitioner-defendant J. Lauritzen, a Danish corporation and the owner of the vessel, agreed to consent to American and California jurisdiction, although it was not named in the complaint or served with process. In exchange for J. Lauritzen's consent to appear, plaintiff agreed to dismiss Beaufort Navigation. Accordingly, on April 24, 1981, plaintiff executed a request for dismissal without prejudice as against Beaufort Navigation. This request for dismissal was prepared by the attorneys for defendant-petitioner J. Lauritzen and filed on May 21, 1981. On April 28, 1981, J. Lauritzen filed its answer to complaint, alleging that it was appearing as "J. Lauritzen, erroneously sued herein as Beaufort Navigation Co. Inc." No other Doe defendant has been served with summons and complaint. On June 8, 1981, a request for dismissal without prejudice, again prepared by J. Lauritzen, was filed with respect to the only named defendant (in addition to the vessel), Norton, Lilly & Company.

On October 19, 1981, a Memorandum That Civil Case is At Issue ("At-Issue Memorandum"), previously served on petitioner-defendant, was filed by plaintiff. On January 8, 1982, a trial setting conference was held, at which the parties completed a "Trial Setting Conference Evaluation Questionnaire" (the "Questionnaire"). Less than 30 days later, on February 5, 1982, petitioner-defendant filed its petition for removal under 28 U.S.C. § 1441, alleging that plaintiff, at the commencement of the action, was a citizen of California and that defendant is a foreign corporation. 28 U.S.C. § 1332(a)(2).[1]

Because of substantial doubt as to whether J. Lauritzen had complied with the 30-day time limit for removal, 28 U.S.C. § 1446(b), the Court, *sua sponte*, issued an order to show cause why the action should not be remanded to the Ventura Superior Court. The issue has now been fully briefed and argued by counsel. I conclude, for the reasons stated below, that the removal petition was not timely filed; therefore, this action should be remanded to the Ventura Superior Court.

J. Lauritzen contends that, notwithstanding the dismissal of the only named California defendant, Norton, Lilly & Company, removal of this action was not required until such time as it became clear that plaintiff would not serve any of the remaining Doe defendants. While this appears to be a correct statement of the rule in *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74 (9th Cir. 1979), it does not address the issue before the Court, that is, whether the removal petition filed by petitioner-defendant was timely. Resolution of this issue depends upon whether the event triggering the 30-day period for removal was the At-

---

1. The state court's original jurisdiction of this maritime action is preserved by the "saving to suitors" clause. 28 U.S.C. § 1333(1). This action is governed in part by § 5(b) of the Longshoremen's and Harbor Workers' Compensation Act, as amended in 1972. 33 U.S.C. § 905(b). Whether a federal question is presented and, therefore, whether it is removable as an action "arising under" the Constitution, laws or treaties of the United States has not yet been decided in this Circuit. The issue turns on whether § 905(b) is considered to be a derivative of traditional maritime negligence law, rather than a federal maritime statute. The authorities elsewhere are divided. *Duty v. East Coast Tender Service, Inc.*, 660 F.2d 933, 937 n.11 (4th Cir. 1981) (non-removable); *Buckley v. Brent Towing Co., Inc.*, 412 F.Supp. 382, 384 (N.D.Miss.1976) (same); *Giacona v. Capricorn Shipping Co.*, 394 F.Supp. 1189, 1191–94 (S.D.Tex.1975) (same); *contra, Rex v. Cia Pervana De Vapores*, 493 F.Supp. 459, 467 (E.D.Pa.1980). It is unnecessary to decide the issue here because, even assuming this action were removable on this basis, the time for removal has long since passed.

Issue Memorandum or the Trial Setting Conference at which the parties completed the Questionnaire.

Petitioner-defendant argues that the event which commenced the running of the 30-day time period for removal was the trial setting conference at which the parties completed the Questionnaire. In that document the parties answered "Yes" to the question, "Is the case WHOLLY at issue? (Additional parties, non-service, etc.)" At that conference, according to J. Lauritzen, "plaintiff's attorney informed petitioner that he had served all parties and was unaware of the existence of any Doe defendants." Thus, according to petitioner-defendant, plaintiff's acts and representations at the trial setting conference demonstrated, for the first time, that plaintiff had abandoned all claims against Does who might have destroyed diversity jurisdiction, and this action therefore became removable.

This contention, however, completely ignores the significance of a prior pleading— the At-Issue Memorandum. In his At-Issue Memorandum, filed on October 14, 1981, plaintiff made the following representation:

"I hereby represent to the Court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties; that no amended or supplemental complaint or cross-complaint or other affirmative pleading remains unanswered; that to my knowledge no other parties will be served with a summons prior to the time of trial, and I know of no further pleading to be filed."

This representation is an essential part of the At-Issue Memorandum under Rule 206(a)(3), Cal.Rules of Court; moreover, the filing of an At-Issue Memorandum is a pre-requisite to placement on the "civil active list." Rule 207, *Id.* Under California case management practice, only cases on the "civil active list" are eligible to be set for pretrial or trial. See Rules 207.1, 208, 209, 220, 220.1 & 220.4, *Id.* Thus, the filing of an At-Issue Memorandum represents a deliberate choice on the part of plaintiff to abandon claims against further unserved fictitious defendants in order to obtain a position on the civil active list. Here, that choice was made some eight months after the complaint was filed, after considerable discovery had been conducted, one Doe defendant actually served and two defendants dismissed.

While the Court agrees with petitioner-defendant's position that a case becomes removable when the plaintiff, by an affirmative act, abandons his claims against unserved, potentially non-diverse defendants, it cannot accept the contention that the Questionnaire was the first such indication of removability. Petitioner-defendant's argument ignores the central role of the At-Issue Memorandum in moving a case to trial. The state courts are required by their rules to rely on the representations made in the At-Issue Memorandum [2] and there is no reason why such representations, *i.e.*, that no party remains unserved and no affirmative pleading remains unanswered, should not be accepted here. *Cf.* Rule 81(c), Fed.R. Civ.P. (implying that state court pleadings and procedure generally govern the case until "after removal"). The representation later made in the Questionnaire was but a repetition of what was required in the At-Issue Memorandum. Petitioner-defendant has offered no satisfactory rationale why the representation signaled removability in the Questionnaire, but not when originally made in the At-Issue Memorandum.[3]

2. Any party who disagrees with the "information or estimates" in the At-Issue Memorandum is entitled to file a counter-memorandum. Rule 206(b), Cal.Rules of Court. A party may also move to strike the At-Issue Memorandum on the ground that the case is not eligible to be placed on the civil active list.

3. In its return to the order to show cause, petitioner-defendant advances the alternative argument that the 30-day time period for removal has not even begun to run because the fictitious defendants have not been "formally dismissed or severed from this action." Therefore, it is argued, the only alternative to retaining the case in federal court is to remand the case as having been prematurely removed, subject to later removal upon such formal dismiss-

I find, therefore, that this case first became removable on October 18, 1981, when plaintiff filed his At-Issue Memorandum, representing to the Court that "all essential parties have been served with process or have appeared" and that "no other parties will be served with summons."

*Preaseau, supra,* relied on by petitioner-defendant, is not to the contrary. There the Ninth Circuit held that a removal petition filed immediately after the fictitious defendants were dismissed, apparently on the date of the trial, was timely. However, the facts there indicate that defendant's request at the pretrial conference that the fictitious defendants be dismissed was denied. 591 F.2d at 75. Moreover, there is no reference in the opinion to the existence of an At-Issue Memorandum or any other pretrial representation by the plaintiff that the case was wholly at issue.

Petitioner-defendant's reliance on *Southern Pacific Co. v. Haight,* 126 F.2d 900 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942), is also misplaced. Petitioner-defendant contends that the "memorandum to set the cause for trial" referred to there, 126 F.2d at 902, is similar to the At-Issue Memorandum here and that since removal on the date of trial was held to be timely there, it necessarily follows that the removal petition here was timely. Again, however, there is no indication that any representation was made in *Haight,* in the memorandum or otherwise, that plaintiff was prepared to proceed in the absence of the fictitious defendants, until the date of trial. This fact and the reason for the holding in *Haight* were restated by the Ninth Circuit in *Preaseau* :

"We held [in *Haight* ] that removal was proper. We noted that *by acknowledging readiness to go to trial when the fictitious defendants had not been brought into*

*court,* the plaintiff severed her Southern Pacific claims and the required diversity existed. *Id.* [126 F.2d] at 904."

591 F.2d at 76 (emphasis added). In the case at bench, plaintiff acknowledged his readiness to go to trial without bringing into court additional fictitious defendants by filing the At-Issue Memorandum. *See also Goldberg v. CPC Int'l, Inc., supra,* 495 F.Supp. at 238 (complaint becomes removable by subsequent "abandonment" of claim against fictitious defendants).

As a corollary to its liberality in allowing the naming of fictitious defendants, California practice provides a clear demarcation for ascertaining when fictitious defendants have, with sufficient certainty, been represented by plaintiff to be "sham" or "phantom" and to have been "included superstitiously." *See Grigg v. Southern Pacific Co.,* 246 F.2d 613, 620 (9th Cir. 1957). That dividing line is the At-Issue Memorandum and the representations required to be made therein. Rule 206(a)(3), Cal.Rules of Court.

In a complaint naming fictitious defendants who may destroy diversity, the filing of an At-Issue Memorandum, when no non-diverse fictitiously named defendant has been served, is a "paper from which it may be . . . ascertained that the case . . . has become removable." 28 U.S.C. § 1446(b).

Because the removal petition here was not filed within 30 days after receipt by petitioner-defendant of the At-Issue Memorandum, the petition was not timely filed. It is, therefore, ORDERED that this action is hereby remanded to the Ventura Superior Court. 28 U.S.C. § 1447(c).

---

al of all remaining Doe defendants. This argument, in which petitioner-defendant implicitly controverts its own removal petition, is untenable. Once a removal petition is filed, the issues are limited to whether the allegation in the petition that the Doe defendants are phantom parties is "adequately controverted by plaintiff," *George v. Al-Saud,* 478 F.Supp. 773, 774

(N.D.Cal.1979); *see Goldberg v. CPC Int'l, Inc.,* 495 F.Supp. 233, 236 (N.D.Cal.1980), and whether the petition is timely. Plaintiff not having controverted the allegation in the removal petition that the Doe allegations are sham, the only issue before the Court is the timeliness of the petition.