Virginia GOODMAN, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, a corporation, Equifax, a corporation, Payco American Corporation, a corporation, General American Credit Company, a corporation, Does I through X, inclusive, Defendants.

No. C–82–5604 EFL.

United States District Court,
N.D. California.

April 14, 1983.

Cooper, White & Cooper, Robert R. Callan, James M. Wagstaffe, San Francisco, Cal., for defendant Equifax Services, Inc.

Walter Kohn, Daniel E. Alberti, Ropers, Majeski, Kihn, Bentley, Wagner & Kane, P.C., San Francisco, Cal., for defendant Travelers Ins. Co.

Dennis F. Moriarty, Cesari, Werner & Moriarty, P.C., San Francisco, Cal., for defendants Payco American Corp. and Gen. American Credit Co.

Richard B. Schreiber, Robert A. Spanner, Severson, Werson, Berke & Melchior, P.C., San Francisco, Cal., for plaintiff Virginia Goodman.

## ORDER GRANTING MOTION TO REMAND

LYNCH, District Judge.

Plaintiff in this action seeks damages for alleged intentional infliction of emotional distress and negligent infliction of emotional distress arising from alleged improper efforts of defendants to collect a sum plaintiff contends she does not owe.

This action is presently before the Court on plaintiff Virginia Goodman's motions to remand to state court and to amend the complaint.

*Discussion*

The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal and in favor of remand. *Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979). The removability of an action must be judged by the pleadings as of the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939). The existence of fictitious defendants with undisclosed residence precludes removal of a case on diversity grounds unless allegations in the complaint as to the Doe defendants "give no clue" as to the fictitious party's identity, *see Hartwell Corp. v. Boeing Co.,* 678 F.2d 842 (9th Cir.1982); *Asher v. Pacific Power & Light Co.,* 249 F.Supp. 671 (N.D.Cal.1965), or until such time as plaintiff by some affirmative act evinces an intent to abandon its action against such defendants and to regard such defendants as no longer part of the action, *Preaseau v. Prudential Ins. Co. of America,* 591 F.2d 74, 77 (9th Cir.1979).

Plaintiff's First Amended Complaint named as parties four diverse defendants and joined ten unknown defendants as "Does I through X inclusive" as permitted under California Code of Civil Procedure § 474. As to the Doe defendants the complaint states that they are "persons, corporations, or entities whose true names and capacities are unknown to plaintiff, and therefore plaintiff sues said defendants under such fictitious names." As to all defendants the complaint states in part:

6. In doing the acts alleged herein, defendants were acting as the agents of each other and within the course. and scope of their agency.

7. Defendants did the acts alleged herein in furtherance of a plan or agreement entered into by each of them.

. . . .

11. On or about April 29, 1982, defendants caused a process server to come to the senior citizen's home at which plain-

tiff lived, and to serve process upon plaintiff in view of her friends and associates within the facility, to plaintiff's great embarassment and humiliation. Once more, plaintiff sought to explain to the process server that she was not the named defendant, Victoria Goodman, and that she had not incurred any debt.

Defendant Equifax has not shown that the Doe allegations were included solely to defeat diversity, and these allegations appear to be sufficiently specific such that the Doe defendants must be considered for purposes of determining diversity jurisdiction under the *Asher-Preaseau-Hartwell* line of cases. In *Hartwell* the Ninth Circuit stated that "the defendant and the court must be given some basis for believing the Doe pleading is not a mere sham." *Hartwell, supra,* 678 F.2d at 843. There must be some clue who the Doe might be, how the Doe might fit into the charging allegations, or how the Doe might relate to other parties. *Id.* The allegations of the complaint filed herein implicate those individuals involved in the chain of events leading to the service of process upon plaintiff alleged to be a cause of her mental distress.

Defendant Equifax contends that the case became removable under *Preaseau v. Prudential Ins. Co. of America, supra,* as of September 29, 1982, when plaintiff mailed to it a "Memorandum That Civil Case Is At Issue" pursuant to California Rule of Court 206, which stated:

> I hereby represent to the Court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties; that no amended or supplemental complaint remains unanswered; that to my knowledge no other parties will be served with a summons prior to the time of trial, and I know of no further pleading to be filed.

In *Preaseau,* however, the case became removable under 28 U.S.C. § 1446(b) when on the morning of trial the fictitious defendants were *dismissed. See Preaseau, supra,* 591 F.2d at 75, 77. The At-Issue Memorandum filed by plaintiff does not as clearly evince an intent on the part of the plaintiff to abandon its action against the Doe defendants. The filing of such a memorandum serves to place the case on the state court civil active list pursuant to California Rules of Court 206, but other rules provide for further proceedings in state court concerning fictitious defendants.[1]

This Court declines to give the At-Issue Memorandum more force and effect for purposes of determining diversity as of the time the petition for removal was filed than it is given in state court for purposes of determining parties involved as of the time the case is placed on the state court civil active list. Such a declaration does not finally dismiss fictitious defendants in state court; it should not be considered conclusively to evince such an intent in federal court. Rather, it should be considered along with other factors in determining the intent of the plaintiff at the time the petition for removal was filed. *See Herzig v. Twentieth Century Fox Film Corp.,* 129 F.Supp. 845 (S.D.Cal.1955) (case properly removed where plaintiff filed At-Issue Memorandum and also further indicated intent by stating at argument in state court that it was willing to dismiss all non-diverse fictitious defendants).

In addition to an examination of the specificity of the complaint's allegations at the time the petition for removal was filed, *see Asher, supra,* 259 F.Supp. at 676, the court may consider statements of counsel at pretrial conferences, *see Green v. Mutual of Omaha,* 550 F.Supp. 815, 817 (N.D.Cal.1982),

---

1. *E.g.,* Rule 211(f) gives the pretrial judge power to determine "whether any party remains in the case who has not been served with process" and to consider any "likely" law and motion matter, and, if necessary, to order the case off the civil active list to be re-included thereon only after the service and filing of a new At-Issue Memorandum.

Rule 212(a)(2) gives the pretrial judge further power to consider any amendment to the pleadings.

Rule 220.3 specifically states that the trial judge shall not "dismiss fictitious defendants or condition the setting of a trial date upon the dismissal of such fictitious defendants without the consent of all parties."

and plaintiff's subsequent attempt to amend her complaint, *see id.* at 818, as relating to plaintiff's true intent at the time the action was removed. Plaintiff herein has in fact moved to amend her complaint naming nondiverse defendants who were involved in the chain of events leading to the service of process upon plaintiff complained of in the complaint. Furthermore, plaintiff's counsel stated to the Court at a status conference that plaintiff intended to identify as Does those individuals which discovery showed were involved in serving process upon her. From these factors this Court concludes that plaintiff at the time the petition for removal was filed did not intend to abandon its action against the fictitious defendants or to regard such defendants as no longer part of the action. *See Preaseau, supra,* 591 F.2d at 77.

*Conclusion*

For the foregoing reasons, plaintiff's motion to remand is granted; the Court dismisses, without prejudice, plaintiff's motion to amend her complaint.

IT IS SO ORDERED.