**Darlene SOLORZANO, Plaintiff,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, a corporation, and Does 1 through 50, inclusive, Defendants.**

Nos. CV 83–4850–PAR(Kx), CV 84–7706–PAR(Kx).

United States District Court, C.D. California.

April 26, 1985.

Walter J. Lack, Engstrom, Lipscomb & Lack, Los Angeles, Cal., for plaintiff.

James J. Moak, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER

RYMER, District Judge.

Plaintiff brought suit against defendant in state court on March 18, 1983 claiming bad faith denial of insurance benefits. Since plaintiff is a California citizen and defendant is a Texas corporation, defendant filed for removal on July 27, 1983. On August 9, 1983, this Court issued an Order to Show Cause Re: Remand because the complaint listed Doe defendants. In plaintiff's Memorandum of Points and Authorities in Support of Remand, dated August 30, 1983, she indicated that she planned to name the office manager of defendant's San Gabriel office as Doe I and that she was attempting to obtain his name through discovery.

This cause was remanded August 27, 1984. On August 6 plaintiff served defendant with a request for the production of documents. Defendant responded on August 24 by serving objections to the request. On September 7, 1984, plaintiff filed an At-Issue Memorandum in state court pursuant to Rule 206 of the California Rules of Court. Various communica-

tions occurred between counsel regarding the discovery both before and after the Memorandum was filed, ultimately resulting in plaintiff's granting an extension for response to the request until October 23, 1984. On October 5, defendant again sought to remove. Plaintiff has moved to remand and seeks sanctions in the form of attorneys' fees in the amount of $500 on account of defendant's having acted in bad faith.

■ The only change since the prior removal is the filing of the At-Issue Memorandum. Because that Memorandum under the circumstances of this case does not eliminate the possibility that any Doe defendants will be named that might destroy diversity, the action must be remanded again.

The Ninth Circuit has determined that it is not until plaintiff takes some affirmative action to sever the cause of action against potentially non-diverse defendants that the right to remove the cause arises. *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 76 (9th Cir.1979); *Southern Pacific Co. v. Haight*, 126 F.2d 900, 905 (9th Cir.), *cert. denied* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942). In this case, the At-issue Memorandum is not sufficient affirmative action to make removal proper.

Rule 206 does not provide that Doe defendants be dismissed before the At-Issue Memorandum can be filed, but it does require that the Memorandum state "That all essential parties have been served with process or appeared and that the case is at issue as to those parties." The fact that the word parties is modified by "essential" seems to indicate that some parties might properly remain to be served. Other rules likewise suggest that parties can be served after filing the At-Issue Memorandum. Rule 211(f) provides that "at the pretrial conference, the judge shall determine whether any party remains in the case who has not been served...." Rule 220.3 states that "The Court shall not: ... (3) Dismiss fictitious defendants or condition that setting of a trial date upon the dismissal of such fictitious defendants without the con-

sent of all parties." Neither the pretrial nor the trial setting conference can be set until the At-Issue Memorandum has been filed. If the filing of the Memorandum were to cut off Doe pleading, then neither of these provisions would make sense. Moreover, it is my understanding that practice in the Los Angeles Superior Court is to dismiss unserved Doe defendants at the trial setting conference.

*Barngrover v. M.V. Tunisian Reefer*, 535 F.Supp. 1309 (C.D.Cal.1982) does not compel a different result. Although the language of *Barngrover* supports defendant's position, the factual situation upon which Judge Tashima based his decision differs significantly from the one before this Court. First, the language of the At-Issue Memorandum itself is different. In addition to stating that all essential parties had been served, the Memorandum before the court in *Barngrover* stated that "to my knowledge no other parties will be served with a summons prior to the time of trial...." The Memorandum in this case made no such representation, and Rule 206 does not require this additional statement. Secondly, in *Barngrover*, considerable discovery had been conducted, one Doe defendant had actually been served, and there was no indication that defendant intended to name any additional defendants. In this case the defendant was aware that the plaintiff intended to name the office manager as Doe I and was in the process of discovery to obtain his identity when the petition for removal was filed.

Thus *Goodman v. Travelers Insurance Company*, 561 F.Supp. 1111 (N.D.Cal.1983) is more closely on point. As it suggests, the At-Issue Memorandum "should be considered along with other factors in determining the intent of the plaintiff at the time the petition for removal was filed." *Id.* at 1113. Here plaintiff has evidenced both to the defendant and to the court an intention to name the San Gabriel office manager as Does I as soon as his/her identity is revealed through the discovery which the plaintiff was attempting to ob-

tain at the time the petition for removal was filed.

In oral argument, counsel for defendant raised the concern of certainty as to when the cause becomes removable. This question need not be addressed in the instant case since plaintiff clearly evinced an intent not to abandon her claim against Doe defendants at the time she filed the At-Issue Memorandum. However, the court notes that had discovery regarding the Does been completed when plaintiff filed the At-Issue Memorandum, it may have been reasonable to construe the Memorandum as a "paper from which it may first be ascertained that the case is one which is or has become removable" per 28 U.S.C. 1446(b) thus triggering the 30-day period for removal. In the instant case, the removal period will probably be triggered by an order dismissing the Doe defendants at the trial setting conference unless before that time some other paper is received by defendant indicating that removal is then proper, or a non-diversee defendant is named thus making removal improper.

Finally, the court notes that the removal statute is to be strictly construed against removal and in favor of remand. *Goodman, id.* at 1112; *Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979).

Even though the defendant did not properly remove the case, sanctions are not warranted due to the strong support for its position from the *Barngrover* opinion and the policy of encouraging removal as soon as possible. *Preaseau v. Prudential Ins. Co.,* 591 F.2d 74 (9th Cir.1979); *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939).

IT IS THEREFORE ORDERED that Civil Actions No. 83–4580–PAR and 84–7706–PAR are hereby remanded for all further proceedings to the Superior Court of the State of California for the County of Los Angeles from which it was improperly removed.