**MIKE SILVERMAN & ASSOCIATES, Plaintiff,**

v.

**Victor DRAI, Marti Trugman & Associates, Inc., a Corporation, inclusive, Defendants.**

**No. CV 87–00615–DT.**

United States District Court, C.D. California.

May 1, 1987.

---

Robert A. Rees & Diane B. Sherman, Rintala, Smoot, Jaenicke & Brunswick, Los Angeles, Cal., for Victor Drai.

Gail M. Title, Rosenfeld, Meyer & Susman, Beverly Hills, Cal., for Marti Trugman.

## MEMORANDUM OF DECISION TO SUPPLEMENT COURT'S ORDER OF MARCH 9, 1987

TEVRIZIAN, District Judge.

Plaintiff, a California corporation, filed this action in state court on September 16, 1981, to collect a real estate commission. The original defendants included Victor Drai ("Drai"), a French citizen, Marti Trugman & Associates, Inc. ("Trugman"), a California corporation, and Does 1 through 10. On June 14, 1982, plaintiff filed an At-Issue Memorandum in state court pursuant to California Rule of Court 206. At the time plaintiff filed this Memorandum, Drai and Trugman remained the only named defendants.

On July 16, 1986, plaintiff noticed a motion to specially set this action for trial. The state court, by minute order dated August 1, 1986, set the trial for October 29, 1986. Plaintiff voluntarily dismissed Trugman on September 2, 1986. Thereafter, the state court, on October 23, 1986, granted Drai's motion to continue the trial to January 29, 1987. On the day this case was scheduled for trial in state court, January 29, 1987, Drai filed for removal to this Court. Plaintiff now moves for an order remanding the action, claiming that Drai's removal was untimely.

The issue presented here is to determine when this action became removable on the basis of diversity jurisdiction. Plaintiff argues the action became removable on September 2, 1986, because Drai had notice prior to the dismissal of Trugman that plaintiff had no intention of serving any fictitiously named defendants. If the case became removable on this date, the petition to remove on January 29, 1987, was not timely filed under 28 U.S.C. Section 1446(b) and this action must be remanded to state

Gilbert D. Seton, Los Angeles, Cal., for Mike Silverman & Associates.

court.[1] Defendant Drai contends, however, that his petition for removal was timely filed because complete diversity was not assured until the scheduled first day of trial, January 29, 1987, when it became apparent the fictitious defendants would not be identified and served.

### I. *Plaintiff's At-Issue Memorandum.*

■ Plaintiff argues that the filing of its At-Issue Memorandum in state court placed defendants on notice that it no longer intended to serve the fictitious defendants. The Ninth Circuit has established that a cause of action becomes removable only when the plaintiff takes some affirmative action to sever the claim against potentially non-diverse Doe defendants. *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 76–77 (9th Cir.1979); *Schmidt v. Capitol Life Insurance Co.*, 626 F.Supp. 1315, 1318 (N.D.Cal.1986); *Southern Pacific Co. v. Haight*, 126 F.2d 900, 905 (9th Cir.), *cert. denied* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942); *Cf. Bryant v. Ford Motor Co.*, 794 F.2d 450, 452 n. 1 (9th Cir.1986) ("*Preaseau* does not address the situation in which a defendant comes forward within the initial thirty days permitted by 28 U.S.C. Section 1446(b) and claims that removal is appropriate because the Does are fictitious"). Thus, this Court must first determine whether plaintiff's filing of the At-Issue Memorandum was an "affirmative action" which indicated that plaintiff no longer intended to identify and serve the fictitious defendants.

In *Barngrover v. M.V. Tunisian Reefer*, 535 F.Supp. 1309, (C.D.Cal.1982), Judge Tashima held that a case became removable when the plaintiff filed an At-Issue Memorandum which expressly stated that "No other parties will be served with a summons prior to the time of trial." *Id.* at 1312. Subsequently, the court in *Goodman v. Travelers Ins. Co.*, 561 F.Supp. 1111 (N.D.Cal.1983), concluded, without mentioning *Barngrover*, that filing an At-Issue Memorandum alone was not sufficient to give a named defendant notice that the plaintiff intended to sever all claims against the Doe defendants. Instead, according to *Goodman*, this act "should be considered along with other factors in determining the intent of the plaintiff at the time the petition for removal was filed." *Id.* at 1113; *see also, Herzig v. Twentieth Century Fox Film Corp.*, 129 F.Supp. 845, 848 (S.D.Cal.1955) (case properly removed where plaintiff filed At-Issue Memorandum and further stated at oral argument he intended to dismiss all non-diverse fictitious defendants). *Gottlieb v. Firestone Steel Products Co.*, 524 F.Supp. 1137, 1139 (E.D. Penn.1981) ("[t]he pre-trial memorandum which listed the unknown [defendants] did not properly afford [the named defendant] the opportunity to determine from *it* that plaintiff had dropped the non-diverse, unknown defendants") (emphasis original).[2]

In *Solorzano v. American Nat. Ins. Co.*, 609 F.Supp. 144 (C.D.Cal.1985), Judge Rymer adopted the *Goodman* approach

---

**1.** Section 1446(b) of Title 28 provides in pertinent part:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**2.** The At-Issue Memoranda in *Barngrover* and *Goodman* each included the following relevant language:

" 'I hereby represent to the Court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties; that no amended or supplemental complaint or cross-complaint or other affirmative pleading remains

unanswered; that to my knowledge no other parties will be served with a summons prior to the time of trial, and I know of no further pleading to be filed.' "

*See Barngrover, supra,* 535 F.Supp. at 1311; *Goodman, supra,* 561 F.Supp. at 1113. While the *Barngrover* court found that this language, by itself, constitutes adequate notice that a plaintiff has abandoned all claims against unserved fictitious defendants, *Goodman* implicitly disagreed by requiring an examination of "other factors" in addition to this language. It is not necessary to address this issue in the instant action, however, since the At-Issue Memorandum here does not contain this critical language. Consequently, the At-Issue Memorandum here fails to rise to the level of notice provided in either *Barngrover* or *Goodman*.

and distinguished *Barngrover* on two grounds. First, the court noted that the *Barngrover* At-Issue Memorandum specifically stated that all defendants had been served, while the *Solorzano* memorandum made no such representation. Second, the court found additional evidence the *Solorzano* plaintiff had indicated she planned to add defendants following further discovery, while no comparable evidence existed in *Barngrover*. *Id.* at 145.[3]

Like the At-Issue Memorandum in *Solorzano*, the Memorandum in the present action makes no representation that other parties will not be served. Accordingly, plaintiff's filing of this document in state court did not place defendants on notice that plaintiff intended to sever its claims against the fictitious defendants. Moreover, nothing in the record indicates that plaintiff ever represented at oral argument or elsewhere that all defendants were before the state court. Thus, following *Goodman* and *Solorzano*, this Court concludes that plaintiff's At-Issue Memorandum, filed June 14, 1982, did not sever plaintiff's claims against the Doe defendants, and therefore could not form the basis for removal of this action.[4]

## II. *California Code of Civil Procedure, Section 583.210.*

Neither party briefed the implications of California Code of Civil Procedure, Section 583.210 on the removability of this case. This statute, however, appears dispositive of the issue presented.

Section 583.210(a) states in pertinent part: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant." This statute "applies to any defendant sued by a fictitious name from the time the complaint is filed." Cal.Civ.Proc.Code Section 583.210 legislative committee comment (West Supp.1987); *Brennan v. Lermer Corp.*, 626 F.Supp. 926, 934 (N.D.Cal.1986); *see also Lesko v. Superior Court*, 127 Cal.App.3d 476, 481–82, 179 Cal.Rptr. 595 (1982); *Warren v. A.T. & S.F.Ry.Co.*, 19 Cal.App.3d 24, 38, 96 Cal.Rptr. 317 (1971).[5] Additionally, California Code of Civil Procedure, Section 583.250 provides in relevant part that if service is not made within the time provided in Section 583.210(a), "[t]he action shall not be further prosecuted and no further proceedings shall be held in the action."

■ Thus, under California law, a plaintiff's failure to identify and serve fictitious defendants within three years of the date the complaint is filed bars any later action against those defendants. *Brennan, supra,* 626 F.Supp. at 934. It necessarily follows, therefore, that once the three year time period has expired, the

3. The *Solorzano* court suggested that "had discovery regarding the Does been completed when plaintiff filed the At-Issue Memorandum, it may have been reasonable to construe the Memorandum as a 'paper from which it may first be ascertained that the case is one which is or has become removable' per 28 U.S.C. 1446(b)." *Solorzano, supra,* 609 F.Supp. at 146. Nothing in the record of the present case indicates that discovery was complete at the time plaintiff filed its At-Issue Memorandum. Moreover, completing discovery prior to filing an At-Issue Memorandum does not guarantee that the fictitious defendants will not be identified and served later in the litigation. As the *Goodman* court observed, although California Rules of Court, Rule 206, serves to place the case on the civil active list, other state court rules "provide for further proceedings in state court concerning fictitious defendants." *Goodman, supra,* 561 F.Supp. at 1113 and n. 1

4. Plaintiff argues in the alternative that even if its At-Issue Memorandum did not place defend-

ant Drai on notice that all parties were then before the court, his July 17, 1986, motion to set the action for trial did provide the requisite notice. The Court does not reach this issue since, as discussed below, it finds that Drai was placed on notice prior to this date that all parties were before the state court.

5. *Lesko* and *Warren* interpreted former Code of Civil Procedure, Section 581(a) to require that plaintiffs serve any fictitious defendants they intended to bring action against within three years of the date the original complaint was filed, and not within three years of the date the amended complaint identifying these defendants was filed. *Lesko, supra* 127 Cal.App.3d at 481–482, 179 Cal.Rptr. 595; *Warren*, 19 Cal. App.3d at 38, 96 Cal.Rptr. 317; Code of Civil Procedure, Section 583.210 "is drawn from the first portions of subdivisions (a) and (b) of former Section 581a." *Cal.Civ.Proc.Code*, Section 583.210 legislative committee comment (West Supp.1987).

remaining named defendants must be considered on notice that all parties are before the court.[6]

■ Plaintiff filed the present action on September 16, 1981. Under Section 583.-210, it had until September 16, 1984, to identify and serve the Doe defendants. When plaintiff failed to effect service on the Doe defendants by this date, Drai knew, or should have known, that all parties were before the state court. Accordingly, this action became removable as soon as Drai learned that plaintiff had voluntarily dismissed Trugman and complete diversity was thereby assured.[7]

### III. Notice of the Trugman Dismissal.

■ Drai argues he never received written notice of the Trugman dismissal as required by Section 1446(a), and thus the action did not become removable until the day this matter was set for trial. Although plaintiff failed to provide written notice of the Trugman dismissal as required by California Rules of Court, Rule 383,[8] Drai admits he received telephone notice of the Trugman dismissal from Trugman's counsel on October 15, 1986. More importantly, Drai learned of Trugman's dismissal on October 23, 1986, when all remaining parties were before the state court on Drai's motion to continue trial.

Section 1446(b) provides that a case becomes removable when the Defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**6.** Defendant argues that Section 583.210 should be given a "flexible" interpretation since the three-year time limit on service can be tolled under certain circumstances. Section 583.-250(b), however, states that "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." The California Legislature has in fact approved certain express exceptions to compliance with this statute. See e.g., California Code of Civil Procedure, Section 583.220 (the three-year time limit may be extended by stipulation of the parties, by the filing of a motion to dismiss, or by an extension of time to plead after a motion to dismiss); Section 583.330 (time limit may be extended by written stipulation or oral agreement among the parties in open court); Section 583.240 (time limit should exclude time when defendant was not amenable to the process of the court, the action was stayed and the stay affected service, the validity of service was the subject of litigation by the parties, or service was impossible, impracticable or futile due to causes beyond plaintiff's control). However, none of these exceptions to Section 583.210 exists in the present action. See generally, 17 California Law Revision Commission 905, 917–19 (1983).

**7.** Defendant contended at oral argument that under Praeseau, a plaintiff must take "affirmative action", evidenced in writing, to sever the claims against the Doe defendants before a cause of action becomes removable, and the running of the time limit on service under Section 583.210(a) does not constitute such positive action. The Court agrees that without some form of "bright line" notice that the fictitious defendants have been eliminated from the action, the parties and the federal courts could be burdened with additional evidentiary hearings to determine when, if at all, a case became removable. In cases where removal is attempted prior to the running of Section 583.210(a), Preaseau requires bright line notice in the form of plaintiff's affirmative action severing the claims against the Doe defendants. Id. at 76–77. Preaseau, however, does not involve the situation where, as here, removal takes place after the time for service under Section 583.210(a) has elapsed. In such cases the plaintiff is precluded from proceeding against the Does by operation of law. See Brennan, supra, 626 F.Supp. at 934. Thus, once the time for service under Section 583.210(a) has expired, the defendant has clear notice that the Does are effectively "no longer part of the action" and thus cannot "destroy the required diversity" for purposes of removal. Preaseau, supra at 77. Accordingly, the Court concludes that once the time limit on service expired in the present case, plaintiff was not required to undertake further action to dismiss the fictitious defendants.

**8.** California Rules of Court, Rule 383, states: "A party who requests dismissal of an action shall serve on all parties and file notice of entry of the dismissal." See West's Annotated Codes, Civil and Criminal Rules, Section 383; California Pleading Practice and Procedure, "Dismissal" 88 ("A party requesting dismissal under C.C.P. Section 581(a), (b), or (e) must serve on all parties and file a notice of entry of the dismissal").

Plaintiff incorrectly contended in its briefs and at oral argument through counsel that it was not obligated to provide notice of Trugman's dismissal. The California Judicial Council adopted Rule 383 in 1983, and the rule became effective on January 1, 1984. See Judicial Council of California Annual Report, (1984) at 84. Plaintiff dismissed Trugman on September 2, 1986, and was therefore subject to the requirements of Rule 383.

Several courts have held, however, that oral statements through which the defendant can ascertain that the action has become removable constitute adequate notice. *See Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 334 (D.S.C.1979), *appeal dismissed without opinion*, 622 F.2d 584 (4th Cir.1980) (case became removable during closing arguments in jury trial when plaintiff's counsel admonished the jury not to return a verdict against the sole remaining non-diverse defendant); *First National Bank v. Johnson & Johnson*, 455 F.Supp. 361, 362 (E.D.Ark.1978) (removal was proper at the time plaintiff's counsel made and court granted oral motion to dismiss the non-diverse defendant); *Fugua v. Gulf, Colorado and Santa Fe Railway Co.*, 206 F.Supp. 814, 815–16 (E.D.Okl.1962) (case became removable the same day deposition testimony revealed that non-diverse defendant not properly a party); *Waldron v. Skelly Oil Co.*, 101 F.Supp. 425, 426 (E.D.Mo.1951) (case removable when plaintiff made and court granted motion to dismiss non-diverse defendant on first day of trial); *see also* 14A Wright, Miller, & Cooper, *Federal Practice and Procedure*, Section 3732 at 520 (the "clear purpose" of Section 1446(b) "is to commence the running of the thirty-day period once the defendant receives *actual notice* that the case has become removable, *which may be communicated in a formal or informal manner*") (emphasis added).[9] Here, Drai had actual notice of the Trugman dismissal no later than October 23, 1986, when all remaining parties appeared before the state court.[10] Accordingly, this action became removable at that time, and Drai

---

9. *Heniford* and *First National Bank* both expressly rejected the argument that written notice was required. *First National Bank*, for example, states:

> "Although [Section 1446(b) ] provides that the time period during which removal must be effected begins to run after receipt by defendant 'of a copy of an amended pleading, motion, order, or *other paper* from which it may be first ascertained that the case is one which is or has become removable, (sic) the plain purpose of the rule is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present."

*First National Bank, supra*, 455 F.Supp. at 362 n. 1 (emphasis in case; citations omitted). *Heniford*, citing *First National Bank*, similarly concluded:

> "[C]ourts have permitted removal under Section 1446(b) where the dismissal or discontinuance as to the resident defendant is manifested by the conduct of the plaintiff. Moreover, the plain purpose of the statute's designation of some 'other paper' is to initiate the 30 day removal period 'only after defendant is able to ascertain intelligently that the requirements of removability are present.

*Heniford, supra*, 471 F.Supp. at 335 (citations omitted.)

Although not binding, this Court finds the reasoning in these cases persuasive. *Cf., Waldron, supra*, 101 F.Supp. at 426 (Section 1446 "was enacted primarily for the purpose of establishing uniformity of procedure with respect to removal and uniformity of time within which removal could be taken"). In the instant action, Drai was able to "intelligently ascertain" the removability of this action no later than October 23, 1986, but failed to file his removal petition in a timely manner.

10. This case is distinguishable from other cases in which the courts have held that private agreements between counsel to dismiss non-diverse defendants *in the future* do not commence the running of the statutory period. *See e.g., Gottlieb v. Firestone Steel Products Co.*, 524 F.Supp. 1137, 1139 (E.D.Penn.1981) ("The 'plain language' of [Section 1446] (sic) defies an interpretation that the 'other paper' requirement can be met by reference to conversations between counsel which purportedly discussed plaintiff's apparent *de facto* dismissal of the non-diverse [defendant]"); *Bonnell v. Seaboard Air Line Ry. Co.*, 202 F.Supp. 53, 55 (N.D.Fla.1962) ("mere correspondence" between counsel is insufficient to begin running of the limitations period); *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619 (9th Cir.1957), *rehearing denied*, 248 F.2d 949 (9th Cir.1957) (statement by counsel that a non-diverse defendant would be dropped does not trigger the thirty-day period).

*Grigg* in particular does not compel a different result. In *Grigg*, the Ninth Circuit upheld a lower court decision denying plaintiff's motion to remand an action which the defendants removed on the first day of trial. The court rejected plaintiff's argument that the case became removable a month before trial when his counsel "advised" defendants that the non-diverse defendant *would be dismissed* from the action. *Id.* at 619. The court properly found that such vague assurances were insufficient to sever the claims against the Doe defendants. In the present action, however, removability was not based on vague promises that the non-diverse defendant would be dismissed sometime in the future. Here, the action became removable when plaintiff *actually dismissed* defendant Trugman.

failed to file his removal petition within thirty days as required by Section 1446(b).

## IV. *Conclusion.*

For the above reasons, this Court finds that defendant Drai's petition for removal was not timely filed. IT IS THEREFORE the decision of this Court that Civil Action CV 87–00615–DT be remanded for all further proceedings to the Superior Court of the State of California for the County of Los Angeles.