John E. JOHNSON, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., et al., Defendants.

No. CV 87–1436–HLH.

United States District Court, C.D. California.

May 26, 1987.

Fred L. Wright, Law Offices of Fred L. Wright, Torrance, Cal., for plaintiff.

John L. Carlton, Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, for defendants.

## MEMORANDUM OPINION AND ORDER REMANDING ACTION TO SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES

HUPP, District Judge.

### I. FACTS

The instant action was originally filed on December 22, 1980 in the Superior Court of the State of California for the County of Los Angeles. The original state court complaint sought damages on claims of wrongful termination, bad faith, and fraud and deceit against Trans World Airlines ("TWA"), Van Fleischer, and 50 fictitiously named Doe defendants. The action arose out of the termination of plaintiff from his employment with TWA on July 9, 1979.

Throughout 1981, a pleading battle ensued over the issue of whether the action was preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.* On May 8, 1981 the Superior Court sustained defendant TWA's demurrer to the complaint, which was based on the argument that plaintiff's state causes of action were preempted and governed exclusively by ERISA. Plaintiff was granted leave to amend his complaint. Plaintiff then filed a First Amended Complaint which incorporated a First Cause of Action which defendant attacked on the same grounds. On July 17, 1981 the Superior Court sustained this second demurrer as well, denying plaintiff leave to amend. Plaintiff then voluntarily dismissed the Second Cause of Action of the First Amended Complaint on March 19, 1982. The remaining portion of the action was dismissed by the Court on April 20, 1982.

Plaintiff appealed the dismissal of the action. On December 6, 1983 the state Court of Appeal affirmed the trial court determination that plaintiff's state law claims were preempted by ERISA with the exception of two of plaintiff's claims for certain employee benefits which fell outside the scope of such preemption. As to the excepted claims, the appellate court reversed and remanded, instructing the trial court "to permit amendment to the first amended complaint, restricting the claims to deprivation of benefits under the lifetime travel pass and stock and thrift plan." *Johnson v. Transworld Airlines, Inc.,* (1983) 149 Cal.App.3d 518, 531, 196 Cal. Rptr. 896, 904 (*Johnson* I).

Following remand, plaintiff filed a Second Amended Complaint, which was the subject of another demurrer, which the Superior Court sustained with leave to amend by minute order of September 11, 1984, on the grounds that the amended complaint failed to state a cause of action within the state court's jurisdiction. Accordingly, plaintiff filed a Third Amended Complaint for Damages on September 18, 1984. On March 5, 1985 the Superior Court sustained a demurrer to the Third Amended Complaint for failure to state a cause of action, this time without leave to amend and dismissed the action. Plaintiff appealed this dismissal. In an unpublished opinion of January 29, 1986 the Court of Appeal reversed the trial court, finding that plaintiff had essentially limited the causes of action in his Third Amended Complaint to those allowed by *Johnson* I (although in a "redundant and somewhat extraneous manner"). On April 30, 1986 defendant TWA filed an answer to plaintiff's Third Amended Complaint in the Superior Court.

On February 3, 1987 plaintiff filed an "At Issue Memorandum" in the Superior Court in order to place the case on the civil active list, a copy of which was received by TWA on February 5, 1987. This act inspired defendant TWA to file a Petition For Removal with this Court on March 6, 1987 based on diversity jurisdiction. In the Removal Petition TWA noted that neither defendant Fleischer nor the Doe defendants

had been served with the summons and complaint and contended that the filing of the "At-Issue-Memorandum" (which contained language stating that "all essential parties have been served with process or have appeared [in the action]"), was an implied dismissal of these defendants.

On March 17, 1987 this Court issued an Order To Show Cause Re: Remand Of Action questioning the propriety of such removal. First, the Court suggested that the filing of the At-Issue-Memorandum failed to eliminate the Doe defendants which would create the necessary diversity jurisdiction for removal purposes. Second, the Court was of the tentative opinion that the removal petition was untimely, since defendant should have filed the removal petition within thirty days of receipt of the state court summons and complaint which stated causes of action which were preempted by ERISA, and which were therefore removable to this Court in 1980 based on ERISA's complete "displacement" of any state causes of action in this area. Defendant TWA responded to this Order on April 6, 1987.

## II. DISCUSSION

Preliminarily, the Court notes that "the removal statute is to be strictly construed against removal and in favor of remand." *Solorzano v. American Nat. Ins. Co.*, 609 F.Supp. 144, 146 (C.D.Cal.1985), citing *Goodman v. Travelers Insurance Co.*, 561 F.Supp. 1111 (N.D.Cal.1983); *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); and *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979). Such strict construction serves a dual purpose: it forecloses the defendant from adopting a "wait and see" approach in state court, and it minimizes the delay and waste of resources involved in starting over in federal court after substantial proceedings have taken place in state court. *Wilson v. Intercollegiate (Big Ten) Conf., Etc.*, 668 F.2d 962, 965 (7th Cir.1982).

■ The initial question which defendant's removal petition raises, is, assuming that this action was removable based upon "arising under" grounds and the "artful pleading doctrine" in 1980, would the appearance of diversity jurisdiction in 1987 "revive" the right to removal based on diversity, despite the prior failure to timely remove the action based on "arising under" grounds. The answer to this question is no. The thirty day time limit for removal in 28 U.S.C. § 1446(b) bars subsequent removal of an action unless an amendment to the complaint "so changes the nature of [the] action as to constitute 'substantially a new suit begun that day' ". *Wilson, supra* at 965, citing *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 29 L.Ed. 679 (1886) and 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3732, at 727–29 (1976).

The defendant's claimed "amendment" in this case (arguably the elimination by the At-Issue-Memorandum of defendant Van Fleischer and the Doe defendants, thus creating diversity jurisdiction), clearly fails to change the nature of plaintiff's action. In fact, the "appearance" of diversity does not alter the substance of the complaint in any respect. Therefore, since the Court finds that defendant should have, and failed to, timely remove the case under "arising under" grounds in 1980, as discussed *infra,* the Court does not address the issue of whether the filing of the At-Issue-Memorandum created the requisite diversity, since this this event would not revive the right to remove under *Wilson, supra.*[1]

---

**1.** Were it necessary to decide this question, the matter would be remanded in any event. This Court is a "Goodman" (*Goodman v. Travelers Insurance Co.*, 561 F.Supp. 1111 (N.D.Cal.1983)) and not a "Barngrover" (*Barngrover v. M.V. Tunisian Reefer*, 535 F.Supp. 1309 (C.D.Cal. 1982) court. The court prefers the *Goodman* rule because it agrees that the filing of a standard form of "at-issue-memorandum" in the state court system does not, as a practical matter, eliminate the fictitiously named "Doe" defendants who may be, and frequently are, served after the filing of the "at-issue-memo". The Court, in addition, does not accept defendant's proffered distinction between the two cases, depending, as it does, on the subjective intent of the plaintiff with regard to the Doe defendants, a method of determining removability based on quicksand. See also *Solorzano, supra.*

■ The second issue raised by this removal petition, is whether plaintiff's initial complaint, the "gravamen" of which is a claim for recovery of benefits due him under an employee benefit plan, was so completely preempted and "displaced" by ERISA in 1980, such that defendants should have removed the action on that basis 30 days after receipt of the complaint, or waive the right to remove. The Court believes that this question must be answered in the affirmative.

The exhibits to defendant's removal petition make clear that defendant admits that the employee benefits plan in question is covered by ERISA and contends that plaintiff's state law causes of action are preempted thereunder. In TWA's response to the Court's Order To Show Cause Re: Remand, TWA argues that the currently existing rule which so clearly makes such cases removable (see *Clorox v. U.S. District Court*, 779 F.2d 517, 521 (9th Cir. 1985)) was, at best, vague in 1980 when defendant received the complaint, and that requiring removal at that point in time would be requiring defendant to have forseen the development of the *Clorox* line of cases. (Notably, defendants fail to explain why they did not attempt removal immediately after the *Clorox* decision, however, this has no direct bearing on the Court's determination of timeliness).

The Court notes (and defendant's response does as well), that such cases as *Johnson v. England*, 356 F.2d 44 (9th Cir. 1966) and *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367 (9th Cir.1978) made it clear before 1980 that the "artful pleading" doctrine existed, at least in the areas preempted by § 301 of the Labor Management Relations Act and by the Railway Labor Act. Subsequent Ninth Circuit cases, such as *Clorox*, made it clear that the exact same principles apply under ERISA, however, that does not mean that these principles were not existent in 1980, when the state court complaint in question was served upon defendant.

The right to remove emanates from the statutory authority itself and not from the subsequent development of case law. As the Supreme Court recently stated in *Metropolitan Life Insurance Co. v. Taylor*, — U.S. —, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987): "the touchstone of the federal district court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress." The *Metropolitan* court found that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." (Id.). Therefore, according to *Metropolitan*, the right to remove the claims in question derives from the statutory provisions of ERISA itself and therefore, necessarily existed after ERISA's promulgation and certainly in 1980 as well. (Cf. *Avco Corp. v. Local 1010 of International U.*, 287 F.Supp. 132 (D.Conn.1968) (indicating that subsequent developments in the case law which clarify, or create, a right to remove the action to federal court do not revive the right to remove).

The Court concludes that defendants could and should have removed this action based upon the "artful pleading" doctrine and "arising under" jurisdiction within 30 days of receiving the complaint in 1980. The failure to do so waived defendant's right to remove this action unless a later amendment to the complaint effectively created a new suit. Abandonment of the Doe defendants does not have such an effect, and therefore, does not revive the right to remove. Accordingly, defendant's removal of this action in 1987 based on diversity grounds is untimely under 28 U.S.C. § 1446(b). The action is hereby remanded to the Superior Court for the County of Los Angeles.

IT IS SO ORDERED.