Richard GEORGE, Plaintiff,

v.

Faissal AL–SAUD, Defendant.

No. C–78–2826 RHS.

United States District Court,
N. D. California.

Oct. 10, 1979.

Reginald J. Lormon, Menlo Park, Cal., for plaintiff.

Graydon S. Staring, Lillick, McHose & Charles, John J. E. Markham, II, San Francisco, Cal., for defendant.

## ORDER

SCHNACKE, District Judge.

Plaintiff moves for an order remanding this diversity case to San Mateo County Superior Court. At all relevant times, plaintiff was a California citizen, and defendant Al-Saud was a Saudi Arabian citizen.

The original complaint was filed in the Superior Court, San Mateo County, in September of 1977, but was not served. An amended complaint was filed in October 1977, and was served on defendant Al-Saud in November 1977. No effort was made to remove the matter to this Court until December of 1978, within 30 days after a trial date for the matter had been set and the court ordered off calendar the Doe defendants, none of whom had been served.

A defendant desiring to remove an action from a state court must file his peti-

tion either (a) within 30 days of receipt (or in some cases, service) of the initial pleading, or (b) if the matter is not initially removable, within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is, or has become, one which is removable [28 U.S.C. § 1446 (b)].

A non-citizen defendant, sued along with Doe defendants of unstated citizenship, faces a dilemma. If he immediately seeks removal, the objection may be raised that the citizenship of the Does is not known, and that the removal is premature. If he waits until it is clear that there is diversity as to all remaining parties, he runs the risk of being told that he is too late, that he should have assumed that the Does were sham defendants, and that he should have removed within thirty days of original filing.* *Preaseau v. Prudential Ins. Co. of America,* 591 F.2d 74, 75–79 (9th Cir. 1979), held that the decision (whether to remove early or late) hinges on whether the Doe defendants were included *in good faith.*

It is difficult to see why a defendant should suffer prejudice because of ambiguous pleading by the plaintiff. There is a better way.

■ If defendant wishes to remove immediately after the complaint is filed, and if Doe defendants are named, he may, in his petition, allege that the Does are phantom parties. If this allegation is not adequately controverted by plaintiff, removal can be accomplished.

On the other hand, if defendant chooses to accept the allegations of the complaint that Does are being sued, he may wait until it is clear that the Does are out of the case, and seek removal after they are. If plaintiff wants to avoid the delay resulting from this choice, he need only to dismiss the Does, and thus, put defendant to his election. In view of the fact that plaintiff has created the uncertainty, it seems appropriate to leave it with him, and not defendant, to resolve it. [See *Fred Olsen & Co. v.*

*Moore,* 162 F.Supp. 82, 83–84 (N.D.Cal. 1958)].

■ Defendant here chose to wait. The allegations respecting the Does were equivocal. Plaintiff contends that the delay was fatal to removal. Under our view, defendant *could* have removed upon the filing of the complaint, had plaintiff not disputed the suggestion that the Doe defendants were unreal, but he was not compelled to. It was entirely proper to await the court's determination that the action was to be tried against the non-citizen defendant alone before seeking removal.

■ Plaintiff further argues that defendant waived his right to remove by filing a permissive counterclaim in the state court. While such a filing, made after the case is known to be removable and before seeking removal, may constitute a waiver, here the counterclaim was filed *before* the case was clearly removable, and no waiver can be implied. [See *Wright v. Lupton,* 118 F.Supp. 25, 26 (W.D.Mo.1954)].

The motion for remand is denied.

* As he was in *Herrera v. Exxon Corp.,* 430 F.Supp. 1215, 1216–1220 (N.D.Cal.1977).