George WISTOS, et al., Plaintiffs,

v.

SAFECO LIFE INSURANCE COMPANY, et al., Defendants.

No. Civ.S–82–69 RAR.

United States District Court, E. D. California.

April 2, 1982.

David H. Tennant, Nageley, Tennant & Parshall, Sacramento, Cal., for plaintiffs.

Charlotte E. Hemker-Smith, Bolling, Pothoven, Walter & Gawthrop, Forrest A. Plant, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for defendants.

## ORDER

RAMIREZ, District Judge.

The motion of plaintiffs, GEORGE WISTOS, et al., to remand the underlying action to state court came on regularly for hearing before the Honorable Raul A. Ramirez on March 15, 1982. David H. Tennant, Esq., appeared as counsel for plaintiffs, GEORGE WISTOS, et al.; Charlotte E. Hemker-Smith, Esq., appeared as counsel for defendant, UNITED HEALTHCARE CORPORATION, and Forrest A. Plant, Jr., Esq., appeared as counsel for defendant, SAFECO LIFE INSURANCE COMPANY.

Having reviewed all pertinent documents contained in the file, and having considered the oral arguments of respective counsel, and good cause appearing, IT IS HEREBY ORDERED that plaintiffs' motion to remand to state court is herein Denied.

BACKGROUND

On April 3, 1981, plaintiffs, citizens of the State of California, filed suit in the Superior Court of the State of California in and for the County of Sacramento, alleging, *inter alia*, a breach of insurance contract, bad faith, emotional distress, and violation of California Insurance Code § 790.03(h). The complaint named as defendants UNITED HEALTHCARE CORPORATION, a Washington corporation with its principal place of business in the State of Washington, and DOES 1 through 500, inclusive. DOES 301–400, inclusive (described as policy salespersons and claim processors of the named defendant), were identified as citizens of the State of California and/or the State of Washington. Prior to the filing of a responsive pleading, plaintiffs filed a first amended complaint naming UNITED HEALTHCARE CORPORATION, SAFECO LIFE INSURANCE COMPANY, likewise a Washington corporation with its

principal place of business in the State of Washington, and DOES 1 through 500, inclusive, as parties defendant.

At the trial setting conference on November 9, 1981, the Presiding Judge of the Sacramento County Superior Court entered the standard trial setting conference order, which read in pertinent part:

As to fictitious named defendants or named defendants who have not been served, the case is put off the trial calendar, *and if service is effected by plaintiff upon any of them, the case will be dropped from the civil active list, to be reset when it is at issue. If service is not effected prior to the date set for trial, the action as to the fictitious defendants and unserved named defendants is dismissed.* (Emphasis added)

The matter was set for trial on January 26, 1982.

On November 20, 1981, plaintiffs filed a second amended complaint again naming UNITED HEALTHCARE CORPORATION, SAFECO LIFE INSURANCE COMPANY, and DOES 1 through 500, inclusive. While service of the second amended complaint was accomplished on the named defendants, UNITED HEALTHCARE CORPORATION, and SAFECO LIFE INSURANCE COMPANY, none of the fictitiously designated defendants were served at any time, up to and including the time of trial.

On January 26, 1982, plaintiffs represented to the Court that they were ready to proceed. In accordance with the trial setting conference order, the DOES, and each of them, were dismissed, leaving only the two named defendants, UNITED HEALTHCARE CORPORATION and SAFECO LIFE INSURANCE COMPANY. Upon automatic dismissal of the fictitiously named defendants, UNITED HEALTHCARE CORPORATION filed a petition for removal, joined in by SAFECO LIFE INSURANCE COMPANY, stating that the federal court had jurisdiction over the case on the basis of diversity of citizenship, 28 U.S.C. § 1332.

DISCUSSION

Defendants contend that the petition for removal was untimely, claiming that the state court's trial setting conference order, providing that the case is "put off the trial calendar" as to unserved named defendants and fictitious named defendants, effectuated a severance of the fictitiously named defendants. In this regard, however, the Court notes that the trial setting conference order further provides that "if service is effected upon any of [the Does or unserved named defendants], the case will be dropped from the civil active list, to be reset when it is at issue". In interpreting this portion of the conference order, this Court is of the opinion that said order does not effectuate a *bona fide* severance of the fictitiously named defendants as of the date of the trial setting conference. *Cf. George v. Al-Saud*, 478 F.Supp. 773 (N.D.Cal.1977) (478 F.Supp. 773 (N.D.Cal.1977) (removal within thirty days of trial setting and ordering DOES "off calendar" was timely); and *Herrera v. Exxon Corporation*, 430 F.Supp. 1215 (N.D.Cal.1977) (dictum to the effect that ordering unidentified defendants "off calendar" and setting trial date severs the DOES). In short, this Court holds that it cannot be said with any assurance that the trial setting conference order of the Sacramento County Superior Court rendered the unserved DOE defendants "no longer part of the action and therefore . . . no longer [capable of] destroy[ing] the required diversity." *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 77 (9th Cir. 1979).

As an aside, the Court notes that approximately ten days subsequent to the issuance of the trial setting conference order allegedly severing the DOES, plaintiffs herein proceeded to file a second amended complaint in which they again sued "DOES 1 through 500, inclusive". As well articulated by my brother in the Northern District, Judge Schnacke, "[i]n view of the fact that plaintiff has created the uncertainty, it seems appropriate to leave it with him, and not defendant, to resolve it." *Al-Saud, supra*, 478 F.Supp. at 774. To paraphrase the Ninth Circuit, plaintiffs cannot successfully argue that it was unfair to allow the defendant to wait until the day of trial to

seek removal when it was plaintiffs who (1) named DOE defendants who might destroy diversity; (2) decided to again allege causes of action against fictitiously named defendants in a second amended complaint filed *after* the trial setting conference order; and (3) determined that the DOE defendants would not be dismissed until the day of trial. Thus, plaintiffs, and not defendants, controlled when the thirty (30) day time limit of § 1446(b) would begin running. *Preaseau, supra,* 591 F.2d at 79. *See generally Gottlieb v. Firestone Steel Products Co.,* 524 F.Supp. 1137, 1140–1141 (E.D.Pa. 1981).[1]

For the reasons as stated herein, it is hereby ORDERED that plaintiffs' motion to remand is DENIED.

---

**1.** The removal statute is designed to provide a "uniform and *definite* time for a defendant to remove an action". [Cit. omitted] Defendants should not be required to "guess" when a case becomes removable. To hold otherwise would require defendants to resolve questions as to removability in favor of early, and perhaps unwarranted, removal. Such a situation would create havoc on the dockets of both state and federal courts as defendants, named in complaints with "John Doe" co-defendants, would remove cases to federal court only to discover that plaintiff still sought to locate and serve the unidentified defendants. The result would be repeated removals and remands on the same case, with defendant losing the bond which it must post with each petition. 28 U.S.C. § 1446(d). The law does not require such an unjust result.