Eleanor **BLANKENBERG**, an individual, Plaintiff,

v.

**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY**, a New Jersey corporation; Continental Insurance Company, a New Hampshire corporation; Lumbermens Mutual Casualty Company, an Illinois corporation; and Does 1 through 25, inclusive, Defendants.

No. C-86-4974 MHP.

United States District Court, N.D. California.

Feb. 25, 1987.

Philip L. Pillsbury, Margaret A. Selter, Pillsbury & Wilson, San Francisco, Cal., for plaintiff.

Philip R. Diamond, Steven M. Essig, Bickel & Diamond, San Francisco, Cal., for Commercial Ins. Co. of Newark, N.J. and Continental Ins. Co.

Robert R. Callan, Cooper, White & Cooper, San Francisco, Cal., for Equifax Services, Inc.

Guy O. Kornblum, Donna P. Clay, James J. Merriman, Kornblum, Kelly & Herlihy, San Francisco, Cal., for Lumbermens Mut. Cas. Co.

## OPINION

PATEL, District Judge.

This action was removed to this court on grounds of diversity. Plaintiff has petitioned to amend her complaint to include an additional defendant, to remand the action to state court, and for sanctions under Rule 11, Fed.R.Civ.P., against defendants' counsel. Shortly after filing these motions, plaintiff withdrew her motion to amend the complaint. The motion to remand to state court is DENIED, as is the motion for sanctions. In addition, plaintiff moves to amend to correct the names of defendants already named. That motion is GRANTED.

## FACTUAL BACKGROUND

Plaintiff, Eleanor Blankenberg, filed her complaint in state court against defendants Commercial Insurance Company of Newark ("Commercial"), Continental Insurance Company ("Continental"), Lumbermens Mutual Insurance Company ("Lumbermens"), and Does 1 through 25 for breach of contract, breach of the duty of good faith and fair dealing, and intentional and negligent infliction of emotional distress. The defendant insurance companies first petitioned for removal based on diversity jurisdiction in April of 1985, but Chief Judge Peckham of this court, finding "that the Doe defendants destroy diversity at this time," granted the motion to remand without prejudice. The court stated that the defendants may "file a removal petition within thirty days after diversity jurisdiction in this case becomes apparent." Order of June 4, 1985.

Plaintiff served defendant Commercial with the First Set of Interrogatories and Request for Production of Documents on June 19, 1985 and received answers on August 9, 1985. Lumbermens was likewise served, and answered on July 19, 1985. Plaintiff has propounded no discovery since July 19, 1985. She has been in possession of defendants' answers since at least August 9, 1985.

On October 29, 1985, the Contra Costa Superior Court granted plaintiff leave to substitute "Equifax Services, Inc." (Equifax) for "Doe 1." Equifax filed its answer on July 22, 1986. Plaintiff then filed an "At-Issue Memorandum" on July 25, 1986 declaring that "no other parties will be served with a summons prior to time of trial." Defendant insurance companies immediately filed a petition for removal, and plaintiff moved for remand.

## DISCUSSION

### Doe Pleading Practice

California law permits the pleading of fictitious defendants, or Doe pleading, when the identity of the defendants is unknown.[1] Section 583.210 of the California

---

1. Cal.Civ.Proc.Code § 474 (West 1974), reads in pertinent part:

   When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true

Civil Procedure Code operates to extend the statute of limitations as to a fictitiously named defendant.[2] *See Lindley v. General Elec. Co.*, 780 F.2d 797, 799–801 (9th Cir.1986); *Brennan v. Lermer Corp.*, 626 F.Supp. 926 (N.D.Cal.1986). Hence, Doe pleading is regularly used in California state courts to preserve rights of action against unidentified defendants.

■ Federal courts have not been hospitable to Doe pleading. In diversity actions initiated in federal court, Doe defendants are not permitted. *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1463 (9th Cir. 1985); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir.1970).[3]

*Removal Practice*

In diversity actions removed from state court, the critical inquiry is the viability of the Doe defendants. Frequently the defendants are mentioned only in the caption or described in the complaint in the most general of terms. In other cases, their actual role in the alleged conduct is detailed more fully. The question posed here, as in the other numerous Doe pleading cases in this circuit, is the timeliness of removal.

28 U.S.C. § 1446(b) (1982) sets forth the time within which removal must be effected upon the filing of an initial pleading in state court or, if the case is not initially removable, "a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

■ If the existence of diversity is clear from the initial complaint the thirty days commences to run upon receipt of that complaint. The action must be removed at its inception. The pleading of Doe defendants, however, makes for great uncertainty. Their presence usually defeats diversity because complete diversity cannot be determined from the face of the complaint. *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir. 1956). However, when the complaint gives no "clue" as to "their identity or their relationship to the cause of action" they may be treated as spurious and disregarded for the purpose of determining diversity. *Bryant v. Ford Motor Co.*, 794 F.2d 450, 452 (9th Cir.1986).

In this case the court determined upon the first petition for removal that the Doe allegations were adequate to defeat diversity. The matter was remanded. Defendants could only remove when it became apparent that plaintiff had abandoned the unnamed defendants. Fixing the precise time at which this occurs, and when the thirty days under section 1446(b) commences to run, is difficult.

*The Role of the At-Issue Memorandum*

One critical juncture in the state court proceedings is the filing of an At-Issue Memorandum. The Memorandum is required by Cal.R. of Ct. 209 (West Supp. 1986). Among the items to be included in the Memorandum is a statement "that all essential parties have been served with process or appeared and that the case is at issue as to those parties." *Id.*, Rule 209(a)(3). Without the Memorandum, a case may not be placed on the civil active list or set for trial.

name is discovered, the pleading or proceeding must be amended accordingly....

2. Cal.Civ.Proc.Code § 583.210(a) (West Supp. 1987), provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed."

3. Because Doe pleading is considered a part of California's substantive law, *Lindley*, 780 F.2d at

800; *Brennan*, 626 F.Supp. at 929, a reconsideration of *Molnar v. National Broadcasting Co.*, 231 F.2d 684 (9th Cir.1956), may be necessary. In *Molnar* and its progeny, this circuit has consistently rejected Doe pleading in cases initiated in federal court because the fictitious defendants destroy diversity. This court is aware of no cases where the allegations adequately described the Doe defendants so as to make diversity jurisdiction plain. The presence of such allegations might compel a different result.

Implementing this provision, the superior courts have adopted forms that require the attorneys to certify that "all essential parties have been served with process or have appeared" and that the "case is at issue as to all such parties; that no amended or supplemental complaint or cross-complaint or other affirmative pleading remains unanswered; and that ... no other parties will be served with a summons prior to the time of trial...." This is the language of the Memorandum used in this case.[4]

Other courts of this circuit sitting in California have considered the significance of the At-Issue Memorandum in ascertaining the date for removal. Some have held that the thirty-day filing period contained in section 1446(b) begins to run from the filing of the At-Issue Memorandum. *See Barngrover v. M.V. Tunisian Reefer,* 535 F.Supp. 1309, 1311–12 (C.D.Cal.1982).

More frequently, however, the courts have relied not on the mere filing of the At-Issue Memorandum, but on the totality of factors existing at the time of removal. Thus in *Herzig v. Twentieth Century-Fox Film Corp.,* 129 F.Supp. 845, 848 (S.D.Cal. 1955), the court found removal proper because, in addition to filing the Memorandum, the plaintiff was willing to dismiss the non-diverse unnamed defendants.

In two cases, one in this district and another in the Central District, the courts looked at the role of the At-Issue Memorandum in the state court proceedings and concluded that the Memorandum was not dispositive. *See Solorzano v. American Nat'l Ins. Co.,* 609 F.Supp. 144 (C.D.Cal. 1985); *Goodman v. Travelers Ins. Co.,* 561 F.Supp. 1111, 1113 (N.D.Cal.1983).

In these two cases emphasis was placed on the use of the term "essential" in Rule 209. In order to file the Memorandum all "essential" parties must have been served. However, not all parties must have been served. The California Rules for Superior Courts provide for dismissal of unserved parties. The At-Issue Memorandum does not operate as an automatic dismissal. The Rules permit, upon leave of court, amendment of the pleadings or dropping of the case from the civil active list after the filing of the At-Issue Memorandum. In *Goodman,* the court was also persuaded against the propriety of removal by the plaintiff's motion to amend the complaint to name the non-diverse unnamed defendants. The motion to amend was made after removal and at the time of the motion to remand.[5] In *Solorzano,* the additional circumstance considered by the court was the ongoing discovery. The court took this as evidence that the plaintiff did not intend to abandon the fictitious defendants.

Yet another court was convinced that removal was timely by looking not only at the filing of the At-Issue Memorandum, but also at the plaintiff's Motion to Advance Bench-Bar Settlement Program Hearing and Specially Set for Trial filed four days later. *Schmidt v. Capitol Life Ins. Co.,* 626 F.Supp. 1315, 1318 (N.D.Cal. 1986). The court found the defendant was entitled to rely on this latter date as the date for triggering removal because it was an unequivocal act inconsistent with pursuing the unnamed defendants.

Federal courts sitting in this state have grappled with the problems of California Doe pleading and federal removal statutes

---

4. The language is in fact identical to that in *Barngrover v. M.V. Tunisian Reefer,* 535 F.Supp. 1309, 1311 (C.D.Cal.1982):

"I hereby represent to the Court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties; that no amended or supplemental complaint or cross-complaint or other affirmative pleading remains unanswered; that to my knowledge no other parties will be served with a summons prior to the time of trial, and I know of no further pleading to be filed."

5. Whether consideration of this factor was appropriate is open to question. Removability is determined as of the time of the filing of the petition. If removal jurisdiction exists, subsequent conduct or amendments cannot be used to oust the court's jurisdiction. *See Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983) (relying upon the long-standing authority of *Southern Pacific Co. v. Haight,* 126 F.2d 900, 903 (9th Cir.1942)). Consequently, if removal is proper a plaintiff will not be permitted to amend the complaint after removal to name Does that will destroy diversity. *Id.*

in a large number of cases in recent years. Their attempts recognize the need to reconcile the strict limits of federal removal jurisdiction with definitiveness on the time for removal. The result has generally been ad hoc scrutiny of the procedural posture of each case. Consequently, there is great uncertainty as to the time for removal. Defendants would do as well relying upon their powers of divination as upon the lessons of these cases.

There are a number of practices in state court that add to the uncertainty. State pleadings are often vague, particularly the Doe allegations under section 474. Pretiral practices among the many superior courts are not uniform. For example, after a complaint is filed in state court, a plaintiff may take no action against the Doe defendants, file an At-Issue Memorandum, and then act as if to proceed against the Doe defendants, perhaps by taking discovery on their identity. However, the plaintiff may make no attempt to amend the complaint to name the Doe defendants. When the action is removed, the success of a motion to remand will depend on the judge's willingness and ability to interpret plaintiff's pretrial conduct. Or, on the eve of trial, defendant may find plaintiff has taken some action that makes the case removable, such as actually dismissing the unserved defendants. Any one of these circumstances may result in a court finding that removal was either premature or too late. As frequently observed, defendants are left in a dilemma—they either petition for removal too early or too late. These practices also promote the filing of repeated petitions. Defendants cannot take a chance that an equivocal action by the plaintiff may be interpreted as signalling the time for removal. Nor should it be left to defendant to guess the identity of the unnamed defendants and demonstrate that they are diverse. *Cf. Pelleport Investors v. Budco Quality Theatres*, 741 F.2d 273, 279 (9th Cir.1984).

This court is convinced that California civil procedure rules permit sufficient definitiveness consistent with the limited removal jurisdiction of this court. First of all, it is not a condition for removal that all non-diverse defendants be dismissed. The test is whether the action has been removed "at the earliest possible opportunity" after it "assumes the shape of a removable case." *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 100, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898). Some clear action indicating severance or abandonment of the unserved defendants is sufficient.

The At-Issue Memorandum is such an action.[6] It serves the purpose of declaring to the court and other parties that no other essential parties are to be served, that no other parties will be served prior to trial, and that the case is ready for the civil active list and trial setting. It is the one action that is common to all civil cases in the superior courts of California. Not all causes are subject to pretrial conferences where the court may dismiss unserved defendants. Not all courts conduct pretrial conferences, or conduct them in the same manner. In fact, pretrials may often be perfunctory and amount to nothing more than the setting of trial dates. Defendants should not have to wait until some vague triggering date or the date of trial before petitioning to remove, only to learn they should have divined the intentions of plaintiff at an earlier stage of the proceedings. Fixing the date for removal at the filing of the At-Issue Memorandum is reasonable. It is consistent with the limitations on federal removal jurisdiction and the recognized practice of the state courts, where Doe pleading is a regular practice.

## CONCLUSION

Based on this analysis, removal was timely and plaintiff's motion to remand is DENIED. Accordingly, plaintiff's motion for sanctions under Fed.R.Civ.P., Rule 11 is DENIED. The motion to correct mis-

---

**6.** There are, of course, cases where the right to removal becomes apparent before the filing of the Memorandum, such as when there are no allegations against the fictitious defendants, or when they are actually dismissed voluntarily or upon order of the court.

spellings of certain named defendants is GRANTED. IT IS SO ORDERED.