**Albert Frederic BERTHA, et al., Plaintiffs,**

v.

**BEECH AIRCRAFT CORPORATION, et al., Defendants.**

**No. CV 87–6790 AWT.**

United States District Court, C.D. California.

Nov. 25, 1987.

John T. Headlee, San Rafael, Cal., for plaintiffs.

E. Lee Horton, James M. Derr, Brenda K. Vosguanian, Belcher, Henzie & Biegenzahn, Los Angeles, Cal., for Beech Aircraft. Corp.

## MEMORANDUM ORDER RE REMAND

### TASHIMA, District Judge.

This action was commenced in Orange County Superior Court on February 27, 1984, against Beech Aircraft Corporation ("Beech"), Mission Beechcraft and Does 1 to 100. It was removed here on October 9, 1987, by Beech, within 30 days after service on it of plaintiff's at-issue memorandum. At the time of removal, Beech was the only defendant who had been served with summons and complaint and had appeared in the action. Removal was predicated on the existence of diversity of citizenship. It is not contested that Beech is a citizen of Kansas and that all plaintiffs are citizens of California.

Plaintiffs have moved to remand the action to state court.[1] They claim that removal was premature and improper because they intend to add, or serve, two non-diverse defendants. One of these is a named defendant, Mission Beechcraft, and the other, Santa Barbara Aviation, presumably would be served as a Doe defendant. Plaintiffs allege that both of these respective defendants are California citizens, thus destroying diversity.

Since the motion was filed, the Ninth Circuit decided *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987) (en banc). There, the Circuit adopted a bright line test in diversity/Doe removal cases, *Id.* at 1083, which seemingly would require remand of this case. Closer analysis reveals, however, that removal was both timely and proper and that remand should be denied. In *Bryant*, the court held:

> We now hold that the presence of Doe defendants under California Doe defendant law destroys diversity and, thus, precludes removal. The nature of the allegations against such Doe defendants is irrelevant for federal removal purposes. We overrule all of our cases creating exceptions to this general rule.

*Id.* at 1083 (citations omitted).

The court then goes on to state that an action containing fictitiously named defendants cannot be removed on diversity grounds "until all Doe defendants are either named, unequivocally abandoned by the plaintiff, or dismissed by the state court. If a defendant attempts to remove a case prior to this time, the district court must remand the case to state court." *Id.* at 1083. The accompanying footnote explains:

> Unequivocal abandonment occurs in only two situations: (1) where the plaintiff drops the Doe defendants from the complaint or (2) where the trial commences without service of the Doe defendants.

---

1. Beech, in turn, has moved for summary judgment. Before the Court addresses the substantive motion it must first determine whether it has subject matter jurisdiction. Therefore, the motion to remand is now submitted on the expiration of the briefing period (no reply was filed by plaintiffs) without oral argument. F.R. Civ.P. 78; Local Rule 7.11. The summary judgment motion remains on calendar, as originally noticed.

*Id.* at 1083 n. 5 (citation omitted). However, as the dissent explains, *Id.* at 1090–91 (Kozinski, J., dissenting), this statement and its accompanying explanatory footnote are dicta:

> But the court is in no position to speak on this issue because the case before us does not present the issue of abandonment: No one has claimed that the Doe defendants have been abandoned and every indication is that the plaintiff fully intends to rely on the Doe allegations. Under the circumstances, that part of the court's bright-line rule dealing with this issue is, quite simply, dicta, and very mischievous dicta at that. Perhaps because the issue is not presented to us in a concrete controversy, the rule the court adopts runs rough-shod over the statutory language and demonstrably excludes a variety of situations where federal jurisdiction is authorized by the removal statute.

*Id.* This case presents one of those situations.

For several years, district courts have been in disagreement as to the effect of the at-issue memorandum on abandonment. *See, e.g., Blankenberg v. Commercial Ins. Co.,* 655 F.Supp. 223 (N.D.Cal.1987); *Barngrover v. M.V. Tunisian Reefer,* 535 F.Supp. 1309 (C.D.Cal.1982) (at-issue memorandum signifies abandonment of Doe defendants). *But see, e.g., Solorzano v. American Nat'l Ins. Co.,* 609 F.Supp. 144 (C.D.Cal.1985); *Goodman v. Travelers Ins. Co.,* 561 F.Supp. 1111 (N.D.Cal.1983) (at-issue memorandum does *not* signify aban-

donment of Doe defendants). That debate has now been mooted by *Bryant,* at least at the initial stages of an action. However, the reported cases have not considered the effect of an at-issue memorandum, or similar paper,[2] coupled with the three-year statute. I turn now to that consideration.

None of the cases discussing whether the at-issue memorandum is an unequivocal abandonment of the Doe defendants has discussed this issue in the context of Cal. Code Civ.Proc. § 583.210. That provision allows summons and complaint to be served on named and fictitiously-named defendants within three years of the commencement of the action. *See, e.g., Lindley v. General Elec. Co.,* 780 F.2d 797 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986). As indicated, this action was commenced on February 27, 1984. Thus, under § 583.210, summons and complaint were required to be served on all defendants, including Doe defendants, by February 27, 1987. Therefore, even if the action were to be remanded, plaintiffs can no longer serve any additional defendants.[3] Plaintiffs now can go to trial only against Beech.

It would seem that if a litigant, in light of § 583.210, allowed three years to pass from the commencement of his or her action without serving either named or Doe defendants, that could be said to be an unequivocal abandonment of all unserved parties on the lapse of three years. The lapse of three years alone, however, is insufficient to make an action removable. That is because, under the removal statute:

---

**2.** In courts which utilize the trial setting conference procedure, *see* Cal.R.Court 217(a), the trial setting conference order may be such a paper. *See id.* Rule 220(c)(3); *Solorzano,* 609 F.Supp. at 146. Part of the *Bryant* dicta is that a case will become removable if all Doe defendants are "dismissed by the state court." *Bryant,* at 1083. Since *Bryant* did not expressly overrule *Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir. 1978), it is assumed that the Circuit intends to maintain the distinction between voluntary and involuntary dismissals of non-diverse defendants. Since under the trial setting conference procedure, "The court shall not ... (3) dismiss fictitious defendants or condition the setting of a trial date upon the dismissal of such fictitious

defendants *without the consent of all parties;"* Cal.R.Court 220(b)(3) (emphasis added), an order dismissing Doe defendants under Rule 220(c)(3) amounts to a voluntary dismissal. To permit court-ordered dismissals of Doe defendants under other circumstances to trigger removals might well be contrary to *Self,* an issue not addressed in *Bryant.*

**3.** Plaintiffs here in their motion for remand do not contend that any exceptions to the three-year rule, Cal.Code Civ.Proc. §§ 583.220–583.-240; *see Bryant,* at 1087 (Kozinski, J., dissenting), apply.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, notice, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Under this statute, the mere lapse of three years is insufficient to make the case removable, some "paper" must thereafter be received by the defendant, indicating that the case has become removable. *See, e.g., Avco Corp. (Lycoming Div.) v. Local 1010 of Int'l Union,* 287 F.Supp. 132, 133 (D.Conn.1968).

Here, however, after more than three years had passed after commencement of the action, plaintiffs served on Beech an at-issue memorandum in what plaintiffs' counsel represented:

I hereby represent to the court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties; ... that to my knowledge no other parties will be served with a summons prior to the time of trial....

Coupled with the fact that this at-issue memorandum was served more than three years after commencement of the action, it is, at least at that point, a "clear action indicating severance or abandonment of the unserved defendants...." *Blankenberg,* 655 F.Supp. at 227. Coming more than three years after commencement of the action, it was "receipt by the defendant" of a "paper from which it may be first ascertained that the case is one which ... has become removable." 28 U.S.C. § 1446(b).

IT IS ORDERED, for the foregoing reasons, that plaintiffs' motion for remand is DENIED.