**Casper CASPARIAN and Diane Casparian, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Doe 1 through Doe 50, inclusive, Defendants.**

**No. C–87–5703 RFP.**

United States District Court, N.D. California.

May 16, 1988.

John H. Russell, Sarrail and Russell, San Francisco, Cal., for plaintiffs.

Robert D. Phillips, Adams, Duque & Hazeltine, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

PECKHAM, Chief Judge.

### INTRODUCTION

Plaintiffs brought an action for breach of contract and insurance bad faith in state court in July 1986. The suit arose out of a homeowner's all-risk policy plaintiffs purchased from Allstate Insurance Company ("Allstate") in June 1979. Plaintiffs had filed a claim against the insurance policy in September 1983, seeking recovery for alleged construction defects in their house. Allstate initially denied the claim, but paid plaintiffs for their damages in February 1984. Nonetheless, plaintiffs sued based on Allstate's initial refusal to acknowledge the claim.

In addition to Allstate, plaintiffs' complaint named as defendants Does 1 through 50. Plaintiffs filed their At–Issue Memorandum, along with requests for discovery, in October 1987 to secure a place on Contra Costa County's civil trial calendar. At that time, plaintiff had not served any of the Doe defendants. Allstate immediately petitioned to remove to federal court on the assumption that the statement in plaintiff's At–Issue Memorandum that plaintiff had served "all essential defendants" constituted an abandonment of the Doe defendants so that there was complete diversity of citizenship among the parties.

Plaintiffs have moved to remand. They rely on the Ninth Circuit's recent ruling

that the presence of Doe defendants destroys diversity, precluding removal, and that Doe defendants remain in the case until "unequivocally abandoned" by plaintiffs. *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1083 (9th Cir.1987).[*] Plaintiffs argue that their At–Issue Memorandum did not constitute severance or abandonment of the Does.

Defendant contends that *Bryant* does not preclude removal on the facts of this case, as the court's comments on abandonment are dicta. Defendant suggests that the decision did not affect prior rulings holding that At–Issue Memoranda sever unserved Does and render cases removable. As an alternative, defendant argues that plaintiffs' actions evidence an intent to abandon the Doe defendants.

The issue here—whether filing an At–Issue Memorandum in state court effectively severs Doe defendants for the purpose of assessing diversity of citizenship for federal removal jurisdiction—has been the subject of extensive debate in this circuit. Defendant's argument notwithstanding, the *Bryant* decision establishes a bright line rule encompassing this issue and undermines (if indeed it does not invalidate) the prior cases on which defendant relies. *Bryant* also negates the issue of plaintiffs' possible intent to sever the Doe defendants. The single reported case interpreting *Bryant* supports plaintiffs' argument that the At–Issue Memorandum did not affect the Doe defendants and did not render the case removable. The presence of unnamed defendants defeats federal jurisdiction based on diversity of citizenship. Therefore, plaintiffs' motion to remand is hereby granted.

## DISCUSSION

### A. California's Doe Pleading and Federal Removal Jurisdiction Before Bryant

1. *Doe Defendants.* Under California law, a plaintiff may sue a potential defendant whose name is unknown under a ficti-

tious name. Cal.Civ.Proc.Code § 474. Such defendants are commonly known as "Doe" defendants. When a plaintiff names a Doe defendant in the complaint, alleging that the defendant's true name is unknown at the time of filing, the plaintiff has three years from commencement of the action to discover the Doe's identity, amend the complaint accordingly and effect service of the complaint on that defendant. Cal.Civ.Proc. Code § 583.210. Once the three-year period has expired, plaintiff is barred from bringing any action against those defendants. Cal.Civ.Proc.Code § 583.250. *Brennan v. Lermer Corp.*, 626 F.Supp. 926, 934 (N.D.Cal.1986).

2. *Federal Diversity Jurisdiction.* This state procedure has created substantial confusion in the federal courts. The district courts have original jurisdiction of civil suits where the amount of controversy exceeds $10,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). The presence of unknown and unidentified parties may defeat diversity, as there is always the possibility that an unknown defendant is from the same state as the plaintiff or another defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

The question becomes critical where the defendant wants to remove the case to federal court. Under the federal removal jurisdiction statute:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, notice, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Failure to remove within thirty days of the date the action becomes removable constitutes a waiver of defendant's right to remove. *Goldberg v.*

---

[*] On April 15, 1988, the Ninth Circuit issued an amended version of the *Bryant* decision. *See Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987). The amendments do not affect the holding, or the analysis in this decision. They affect only the numbering and content of the footnotes. For the sake of clarity, this decision cites to the original version of the opinion.

*CPC Int'l, Inc.*, 495 F.Supp. 233 (N.D.Cal. 1980). A defendant confronted with a state court pleading which names Doe defendants may not know whether the case is removable. The defendant risks losing the right to bring the case to federal court if the district court determines that the At–Issue Memorandum did sever the Doe defendants. Alternately, if the defendant petitions to remove, the federal court may find that the At–Issue Memorandum did not affect the unnamed defendants and remand on grounds that removal was premature.

Before *Bryant*, the Ninth Circuit followed the general rule that the presence of Doe defendants defeats diversity and renders the action non-removable. *See, e.g., Othman v. Globe Indemnity Co.*, 759 F.2d 1458, 1462–63 (9th Cir.1985), *overruled by Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987). District courts were directed to remand any case which included Doe defendants to state court. *Id.* However, as the *Bryant* court noted, the general rule was "riddled" with exceptions. 832 F.2d at 1082. Many of the exceptions required the federal courts to do an extensive analysis of the original complaint. For example, the district courts were not required to remand cases where: defendants proved that the Doe defendants as described in the complaint were wholly fictitious; the complaint contained no charging allegations against the Doe defendants; the complaint did not identify the defendants with sufficient specificity; the Doe defendants were not indispensable parties. *Id.* (Citations omitted.) This situation burdened the district courts with making "near-impossible determinations" of whether a pleading fit a particular exception to the rule and created significant uncertainty for defendants wishing to remove.

■ 3. *The Effect of At–Issue Memoranda.* Another feature of California's civil procedure system compounded the confusion in this area. California Rules of Court require parties to file an At–Issue Memorandum in order to secure a place on a civil active list or to be set for trial. Cal.R. of Ct. 209. The rule calls for specific information, and many counties have had the following language printed on the memorandum form:

> I hereby represent to the court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties; that no amended or supplemental complaint or cross-complaint or other affirmative pleading remains unanswered; that to my knowledge no other parties will be served with a summons prior to the time of trial, and I know of no further pleading to be filed.

Plaintiff's At–Issue Memorandum included this statement. Declaration of Marjorie Golub, Exhibit A.

Federal courts sitting in California have debated whether this language in an At–Issue Memorandum effectively severs Doe defendants. The question usually arises in the context of notice, i.e., whether an At–Issue Memorandum puts named defendants on notice that the case has become removable for the purposes of 28 U.S.C. section 1446(b). *See, e.g., Bertha v. Beech Aircraft Corp.*, 674 F.Supp. 24 (C.D.Cal.1987) (where At–Issue Memorandum was filed after three-year statute for serving Does had run, the At–Issue Memorandum constituted a "paper" putting defendant on notice that the case had become removable); *Mike Silverman & Assoc. v. Drai*, 659 F.Supp. 741 (C.D.Cal.1987) (plaintiff's At–Issue Memorandum did not sever plaintiff's claims against the Doe defendants and therefore could not form the basis for removal of the action); *Blankenberg v. Commercial Ins. Co. of Newark, N.J.*, 655 F.Supp. 223 (N.D.Cal.1987).

In *Blankenberg*, Judge Patel surveyed the conflicting cases on this issue. She noted that some courts have held that the thirty days runs from filing of the At–Issue Memorandum, *e.g. Barngrover v. M.V. Tunisian Reefer*, 535 F.Supp. 1309 (C.D. Cal.1982), although "more frequently, ... the courts have relied not on the mere filing of the At–Issue Memorandum, but on the totality of factors existing at the time of removal." 655 F.Supp. at 226 (citations omitted). Judge Patel also discussed cases

in which courts concluded that the At–Issue Memorandum was not dispositive. These cases often turned on the wording of the preprinted statement, in which the attorney affirms that all *essential* defendants, not all *possible* defendants, have been served. *See, e.g., Solorzano v. American Nat'l Ins. Co.,* 609 F.Supp. 144 (C.D.Cal. 1985); *Goodman v. Travelers Ins. Co.,* 561 F.Supp. 1111 (N.D.Cal.1983). As California Rules for Superior Courts provide other mechanisms for dismissing unserved parties, those courts reasoned that the At–Issue Memorandum did not evidence an intent to abandon the Does.

In an effort to reduce the guesswork in determining when a federal court would find a state action naming Doe defendants removable, Judge Patel concluded that some uniform procedural step should be selected to mark severance or abandonment of the unserved defendants. She identified the At–Issue Memorandum as the "one action that is common to all civil cases in the superior courts of California" and noted that it presents a "reasonable" date for fixing the removability of a case. *Id.* at 227. This decision provides the strongest support for defendant's position here but does not appear to survive *Bryant.*

4. *The Bryant Decision.* In *Bryant,* the Ninth Circuit attempted to resolve the long-standing confusion about the interaction of California's Doe pleading rules and federal court jurisdiction based on diversity of citizenship among the parties. *Bryant* involved a plaintiff who moved to add defendants after the case, filed in state court against Ford and Does 1 through 50, had been removed to federal court. The district court denied plaintiff's motion and granted summary judgment for the named defendant. Plaintiff appealed, and the Ninth Circuit panel held that because the Doe defendants were "real but unidentified people or entities, the District Court could not determine whether they would defeat diversity jurisdiction once identified." *Bryant v. Ford Motor Company,* 794 F.2d 450, 453 (9th Cir.1986). The case was remanded to the district court with instructions to remand to the proper state court.

Plaintiff petitioned for rehearing. The Ninth Circuit considered the issue *en banc,* and rendered the decision involved here in November 1987.

The majority decision establishes what appears to be a bright-line test: "the *presence* of Doe defendants under California's Doe defendant law destroys diversity and, thus, precludes removal. The nature of the allegations against such Doe defendants is irrelevant for federal removal purposes." *Id.* at 1083 (emphasis added). *See also, Bertha v. Beech Aircraft Corp.,* 674 F.Supp. at 25 ("[t]he Circuit adopted a bright line test in diversity/Doe removal cases."). In effect, the Ninth Circuit adopted the general rule and went on to explicitly overturn cases creating exceptions to the rule. 832 F.2d at 1083.

Although the court said that the new rule would be applied retroactively, 832 F.2d at 1083 n. 6, subsequent decisions may narrow the rule's application somewhat. *See, e.g., Brandchaft v. E.F. Hutton & Co., Inc.,* 841 F.2d 886 (9th Cir.1988). To date, *Brandchaft* is the only ruling published after *Bryant* that addresses this issue. It does not appear to affect this case, as the federal court, not the plaintiff, dismissed the Doe defendants.

The issue plaintiff raises here stems from the *Bryant* court's statement that "the 30–day time limit for removal contained in 28 U.S.C. section 1446(b) will not commence until all Doe defendants are either named, unequivocally abandoned by the plaintiff or dismissed by the state court." 832 F.2d at 1083. The court went on to state that "unequivocal abandonment occurs in only two situations: (1) where the plaintiff drops the Doe defendants from the complaint; or (2) where the trial commences without service of the Doe defendants." *Id.* at 1083 n. 5.

B. Bryant's Effect on Doe Pleading and At–Issue Memorandum

Defendant contends that *Bryant* does not preclude removal under the facts of this case, as the language regarding abandonment is dicta, and the court did not

specifically address the effect of an At-Issue Memorandum on Doe defendants, leaving previous decisions on the issue intact. Based on those earlier cases, particularly Judge Patel's decision in *Blankenberg,* defendants argue that plaintiffs' At-Issue Memorandum constituted an abandonment of the Doe defendants for the purposes of assessing diversity jurisdiction.

Because the facts in *Bryant* did not present this question of plaintiff "abandoning" Doe defendants, the "abondonment" language is technically dicta. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 *reh'g denied,* 408 U.S. 931, 92 S.Ct. 2478, 33 L.Ed.2d 345 (1972); *Gabbs Exploration Co. v. Udall,* 315 F.2d 37 (D.C.Cir.), *cert. denied,* 375 U.S. 822, 84 S.Ct. 61, 11 L.Ed.2d 56 (1963). However, absent a Supreme Court ruling, federal district courts are required to give great weight to the pronouncements of their courts of appeals, even where the statements appear by way of dictum. "While not excused from making an independent examination of the precise issue presented, [a district court] cannot assume that [its] Court of Appeals writes merely for intellectual exercise." *Highland Supply Corp. v. Reynolds Metals Co.,* 245 F.Supp. 510, 512 (E.D.Mo.1965), *quoted in Max M. v. Thompson,* 585 F.Supp. 317 (N.D.Ill.1984).

The Ninth Circuit granted the *en banc* hearing in *Bryant* in order to "clarify Doe defendant law" for this circuit. 832 F.2d at 1082. This articulated intent to bring order to a difficult area of law suggests that the court's narrow definition of "abandonment" is an integral part of the new rule, and should be applied in the manner most consistent with the court's stated purpose. The sole published opinion following *Bryant* which addresses this issue adopted this approach.

In *Bertha v. Beech Aircraft,* 674 F.Supp. 24 (C.D.Cal.1987), plaintiff's state court complaint, filed in February 1984, named Does 1 to 100 as defendants. Three and a half years later, plaintiff filed its At-Issue Memorandum. At the time, plaintiff had served only Beech Aircraft. Defendants removed to federal court within thirty days of receiving plaintiff's At-Issue Memorandum, and plaintiff moved to remand.

Judge Tashima's analysis in *Bertha* is highly relevant here. Although he denied plaintiff's motion, the judge discussed the previous confusion surrounding the effect of an At-Issue Memorandum on abandonment of Doe defendants. He concluded that *Bryant* "mooted" that issue, at least in the initial stages of an action, *id.* at 26, implying that, except for the unusual circumstances of the case, the mere presence of the Doe defendants would preclude removal.

The judge distinguished the situation in *Bertha* on the grounds that expiration of the three-year statute for serving Doe defendants, *combined with* filing of the At-Issue Memorandum, constituted unequivocal abandonment of the unnamed parties. Under these facts, the At-Issue Memorandum was important not for its procedural effect, but because it constituted the "paper" required under 18 U.S.C. section 1446(b) to put defendants on notice that the case had become removable. *Id.* at 26–27.

Judge Tashima's reasoning implies that, had the three-year statute not run, filing the At-Issue Memorandum alone would not have constituted "unequivocal abandonment" of the Doe defendants under *Bryant.* Under Judge Tashima's analysis, this case falls within the class of cases for which *Bryant* resolved the question of an At-Issue Memorandum's effect on Doe defendants. Although defendant argues that plaintiffs delayed filing their At-Issue Memorandum, plaintiffs filed the Memorandum approximately fifteen months after the initial complaint. Under the California rule, they had nearly two more years to discover and serve the other defendants.

Defendant has not presented other evidence that plaintiffs intended to drop the Doe defendants that would, in conjunction with the At-Issue Memorandum, constitute an "unequivocal abandonment" under *Bryant.* Defendant suggests that the Doe defendants may be fictitious. However, the *Bryant* court held that "[t]he nature of the allegations against such Doe defendants is irrelevant for federal removal pur-

poses." 832 F.2d 1083. In light of that unequivocal statement, defendant's arguments on that point fail.

## CONCLUSION

Given the clarity of the Ninth Circuit's holding, defendant's argument cannot prevail. Plaintiffs have not "unequivocally abandoned" the Doe defendants named in their original complaint as that term is defined in *Bryant.* Because removal jurisdiction is improper where there are unnamed defendants, plaintiffs' motion for remand is hereby granted.

IT IS SO ORDERED.