Maxine **DANIELSON** and Douglas **Danielson, Plaintiffs,**

v.

**PINE MOUNTAIN LAKE ASSOCIATION, Michael R. DeBernardi, Catherine E. Sharp, United Pacific Life Insurance Company, and Does One through Twenty, inclusive, Defendants.**

No. CV–F–88–292 REC.

United States District Court,
E.D. California.

June 10, 1988.

George A. Anderson, Rushing, Lyions & Anderson, Modesto, Cal., for plaintiffs.

Thomas M. Herlihy, Laura E. Fannon, Kelly, Herlihy & Bane, San Francisco, Cal., for defendant United Pacific Life Ins. Co.

Robert W. Barker, Barker & Keller, P.C., Auburn, Cal., for defendants Pine Mountain Lake Assoc., Michael R. DeBernardi and Catherine E. Sharp.

## ORDER OF REMAND

COYLE, District Judge.

The plaintiffs commenced this action in the Superior Court of California, County of

Tuolumne, on July 25, 1984. On June 2, 1988, defendant United Pacific Life Insurance Company filed a Petition for Removal to this court.

The record shows that the plaintiffs have never dismissed the Doe defendants. In the Petition for Removal, the defendant asserts that the plaintiffs have unequivocally abandoned the Doe defendants by filing an At Issue Memorandum in the state court proceeding. The At Issue Memorandum includes a representation by the plaintiffs that all essential parties have been served with process or appeared and that the action is at issue as to all such parties.

The defendant's Petition for Removal was improper. The Ninth Circuit has recently ruled that the presence of Doe defendants defeats diversity. *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1988) (en banc). In that decision, the Ninth Circuit clearly stated that:

> Unequivocal abandonment occurs in only two situations: (1) where the plaintiff drops the Doe defendants from the complaint, or (2) where the trial commences without service of the Doe defendants.

*Id.*, 844 F.2d at 606 n. 5. This case does not involve either of those two situations. The Doe defendants have not been unequivocally abandoned.

The court's research has revealed only one post-*Bryant* case which addresses this issue. See *Bertha v. Beech Aircraft Corp.*, 674 F.Supp. 24 (C.D.Cal.1987). In *Bertha*, the court noted a split in the pre-*Bryant* district court decisions as to whether the filing of an At–Issue Memorandum constitutes an abandonment of the Doe defendants. *Id.* at 26. The court went on to observe that "[t]hat debate has now been mooted by *Bryant....*" *Id.* The court also concluded that the mere passage of the three-year California limitations period for serving Doe defendants does not constitute abandonment. *Id.* at 26–27. Nonetheless, *Bertha* holds that the combination of the passage of the three-year period and the filing of an At–Issue Memorandum does constitute abandonment. *Id.* at 27. This court disagrees.

The holding in *Bertha* is based largely on Judge Kozinski's assertion in the *Bryant* dissent that the majority's discussion of abandonment is "dicta, and very mischievous dicta at that." *Bryant,* 844 F.2d at 613. The Ninth Circuit has since had an opportunity to consider the scope of the *Bryant* decision in *Gamble · v. General Foods Corp.*, 846 F.2d 51 (1988). In considering the removing defendant's argument that *Bryant* was inapplicable because there was no realistic possibility that plaintiff Gamble would be able to join any non-diverse defendant, the court held that:

> The *Bryant* majority rejected this theory, however, and instead established a per se rule that naming Does destroys diversity in all cases. *See [Bryant]* at 605–606. Notwithstanding General Foods' characterization of this holding as dicta, we are bound by the en banc panel's resolution of this issue.

*Gamble,* 846 F.2d 53.

*Bryant* was decided by the Ninth Circuit sitting en banc. The majority decision was promulgated after consideration of Judge Kozinski's vigorous dissent. The dissent correctly pointed out that *Bryant* was a major change in the way district courts would handle Doe defendants and that some aspects of the *Bryant* decision were, technically speaking, dicta. *Id.* at 608–09. The en banc panel had an opportunity to reconsider the decision upon a motion for rehearing. In fact, the en banc panel made a few minor changes in the original decision. *Id.* at 603. The Ninth Circuit, sitting en banc, has twice rejected the dissent's argument that the *Bryant* decision goes beyond the facts of the case to decide issues not before the court. Therefore, this court feels bound by the en banc panel's resolution of the abandonment issue.

Because this court lacks subject matter jurisdiction, this action is hereby remanded to the Superior Court of California, County of Tuolumne.

IT IS SO ORDERED.