**CAMINO CAMPER OF SAN JOSE, INC., a California Corporation, and Camino Camper of Reno, Inc., a Nevada Corporation, Plaintiffs,**

v.

**WINNEBAGO INDUSTRIES, INC., an Iowa Corporation; Itasca Division of Winnebago Industries Inc., and Does 1 through 50, inclusive, Defendants.**

**And Related Cross Actions.**

**No. C–88–20786–WAI.**

United States District Court, N.D. California

Feb. 24, 1989.

Philip H. Shecter, San Carlos, Cal., for Camino Camper of San Jose, Inc., and Camino Camper of Reno, Inc.

James Duryea, Jr., James W. Moore, Law Offices of James Duryea, Jr., San Francisco, Cal., McCutchen, Doyle, Brown & Enersen Palmer Brown Madden, Luke A. Torres, Walnut Creek, Cal., for Winnebago Industries, Inc.

## ORDER

INGRAM, Chief Judge.

The plaintiffs' motion for an order to remand this action on the grounds that removal was improper, pursuant to 28 U.S. C. section 1447(c), was duly noticed for February 6, 1989, and was submitted to the court without oral argument. The court HEREBY REMANDS this action to the County of Santa Clara Superior Court.

## I. *Background*

On December 29, 1987, Camino Camper of San Jose, Inc., a California corporation, and Camino Camper of Reno, a Nevada corporation, filed a civil action against Winnebago Industries, Inc., an Iowa corporation, Itasca Division of Winnebago Industries, Inc., Venture Out, a California Corporation, and Does 1 through 50, in the Superior Court of California, County of Santa Clara, No. 646235.

On July 25, 1988, Venture Out responded to the plaintiffs' complaint with a demurrer to all causes of action in plaintiffs' complaint and moved to dismiss or stay the action as to plaintiff Camino Camper of Reno. In an attempt to expedite the litigation, by letter dated August 24, 1988, plaintiffs' attorney suggested that in exchange for the withdrawal of Venture Out's demurrer, he would be willing to stipulate that (1) Camino Camper of Reno has no claim against Venture Out and (2) Camino Camper of San Jose has only two causes of action against Venture Out. In a stipulation signed by plaintiffs on October 5, 1988, and filed October 13, 1988, Camino Camper of Reno stipulated that its complaint did not state a cause of action against Venture Out; and Camino Camper of San Jose stipulated that seven of the nine claims did not state a cause of action against Venture Out.

Venture Out did not withdraw its demurrer and the plaintiffs filed written opposition on October 11, 1988. On October 20, 1988, the demurrer was heard in superior court and plaintiffs' attorney orally contested the demurrer for approximately fifteen minutes. On October 20, 1988, the superior court filed a Minute Order granting Venture Out's motion to be dismissed. The Minute Order stated:

ORDER RE MOTIONS SUBMITTED 10–20–88

The demurrer is sustained without leave to amend.

The motion to dismiss is granted.

Copies of the Minute Order were mailed to all counsel. On November 9, 1988, the superior court filed a Notice of Entry of Order and an Order. Venture Out's counsel drafted the Order. The Order stated that Venture Out's Motion to Dismiss was heard and argued on October 20, 1988; and the court ordered that the demurrer be sustained without leave to amend and the complaint against Venture Out be dismissed against both plaintiffs.

On December 8, 1988, the petitioner, defendant Winnebago Industries, Inc., filed a Petition of Removal with this court, pursuant to 28 U.S.C. section 1446(a). The petitioner claimed that complete diversity was first established when Venture Out was dismissed as a defendant on November 9, 1988.

## II. *Argument*

The plaintiffs contend that the case was improperly removed because the dismissal of Venture Out, the sole nondiverse defendant, was not a voluntary act by the plaintiffs. As a second ground for remand, plaintiffs argue that the removal of the action to this court was untimely. Plaintiffs claim that the defendants' receipt of the October 20 Minute Order started the thirty day clock running. Therefore, since the petitioner did not file for removal until December 8, 1989, his petition is defective.

Winnebago argues that (1) due to the continued presence of Doe defendants, under *Bryant v. Ford Motor Company*, 844 F.2d 602, 605 (9th Cir.1987), (en banc), *cert. granted*, —— U.S. ——, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988) the case did not become removable until after November 19, 1989, the date the Judicial Improvements and Access to Justice Act (Act) was enacted; (2) removal was proper because plaintiffs voluntarily dismissed Venture Out; and (3) the thirty day clock did not begin running until after November 9, the date the Superior Court filed the formal order dismissing the non-diverse defendant.

### A. Judicial Improvements and Access to Justice Act

■ This court disagrees with Winnebago's argument that because the petition for removal was filed 19 days after the Act became law, the removal was timely. This court has held "that this recent amendment to the federal removal statute did not es-

tablish a ground to commence the thirty day removal clock for removal under the statute." *Edge v. Minnesota Mining & Manufacturing Co. et al.*, No. 38–20817, slip op. at 2 (N.D.Cal. Jan. 11, 1989). The court found that the new law is not an "order or other paper" within the meaning of 1446(b). The Act did not create a thirty day window period in which all pending state court cases with Doe defendants may remove to federal court.

### B. The Voluntary–Involuntary Rule

As a general rule, federal removal jurisdiction is not created by an "involuntary" change in the case. In *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978), the court discussed the "voluntary-involuntary" rule. The rule requires that a suit remain in state court unless a "voluntary" act of the plaintiff created diversity removal jurisdiction where none existed from the complaint. *Id* at 657–60. The rule does not allow creation of diversity removal jurisdiction if the court orders that the nondiverse defendant be dismissed from the complaint. Diversity removal jurisdiction may not be created by a court order dismissing the nondiverse defendant. *Id* at 660. (*See also Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir.1986), *cert. denied* 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986); *In re Iowa Manufacturing Co. of Cedar Rapids, Iowa*, 747 F.2d 462 (8th Cir.1984).

In *Bryant v. Ford Motor Co., supra*, 844 F.2d at 606 n. 6, the court found that the rule "applies only to state court judgments on the merits against named defendants" and is inapplicable to the state court dismissal of Doe defendants. *Id.* Since *Bryant* did not expressly overrule *Self v. General Motors*, the court assumes that this Circuit intends to continue to apply the "voluntary-involuntary" rule to the dismissal of nondiverse defendants. *Bertha v. Beech Aircraft Corp.*, 674 F.Supp. 24 (C.D. Cal.1987).

The plaintiffs contend that the case should be remanded because the dismissal of Venture Out as a party defendant was not a voluntary act. Winnebago argues that (1) Camino Camper of Reno's stipulation to abandon all causes of action against Venture Out was a "voluntary" act; and (2) Camino Camper of San Jose's agreement to the form of the November 9, 1988, was a "voluntary" act.

The court finds that the plaintiffs' purported agreement to the terms of the stipulation does not satisfy the voluntary act requirement. The expressed purpose of the stipulation was to facilitate the litigation. The plaintiffs agreed to the terms of the stipulation upon the condition that Venture Out withdraw its demurrer. When Venture Out failed to meet its end of the bargain, the plaintiffs filed opposition to the demurrer and orally argued the motion in superior court. The court holds that when the state court granted Venture Out's motion to dismiss, after plaintiffs' written opposition and oral argument, the action did not become removable. *See American Dredging Co. v. Atlantic Sea Con, Ltd.*, 637 F.Supp. 179, 181 (D.N.J. 1986). The court finds that the court ordered dismissal of Venture Out was an "involuntary" act. Winnebago's contention, that the plaintiffs' agreement to the format of the order is the equivalent of a "voluntary" act to dismiss the defendant, is without merit.

As a result of this disposition, the court need not reach the issue of whether the removal period began on October 20, 1988, the date the Minute Order was issued, or on November 19, 1988, the date the formal order was filed.

### III. *Conclusion*

For the foregoing reasons it is ordered that:

1. Because the removal of this action from state court was based on a defect in removal procedure, within the meaning of 28 U.S.C. § 1447(c), this action is HEREBY REMANDED back to the County of Santa Clara Superior Court.

2. A certified copy of this order of remand shall be mailed by the clerk of this court to the clerk of the state court.